# HENDRIX *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TEXAS.

No. 319.   Argued November 28, 29, 1910.—Decided January 3, 1911.

The United States court at a particular place named is a sufficient designation of the only court of the United States held at that place, which has jurisdiction of the case; and an order transmitting a case under the act of June 28, 1898, c. 517, 30 Stat. 511, to the United States court at Paris, Texas, is sufficient to transfer the case to the District Court of the United States for the Eastern District of Texas and to give that court jurisdiction.

Where the record is not here, and the jurisdictional facts are admitted, and the order recited that the court was well advised in the premises, this court will not hold that the court to which the case was removed on petition of plaintiff in error himself did not acquire jurisdiction because the petition did not state all the jurisdictional facts required by the statute authorizing the removal.

While the repeal of a statute giving special jurisdiction to a court may operate to deprive that court of the jurisdiction so conferred, the mere enactment of a subsequent statute which obviates future application of the earlier statute does not amount to its repeal or affect jurisdiction already acquired.

The provisions of the Oklahoma enabling act of June 16, 1906, c. 3335, 34 Stat. 267, as amended March 4, 1907, c. 2911, 34 Stat. 1287, transferring criminal cases pending in the United States courts of the Indian Territory to the courts of Oklahoma, did not repeal the act of June 28, 1898, c. 517, 30 Stat. 511, or affect cases which had already been transferred under that act to the United States District Court for the Eastern District of Texas.

In this case *held* that it was not error for the trial court to refuse to allow the wife of one accused of murder to testify. *Logan* v. *United States*, 144 U. S. 263.

There was no error on the part of the trial court in denying a motion for a new trial based on affidavits of some of the jurors that they agreed to the verdict on the understanding between themselves and other jurors that the punishment of the degree found would be less than that imposed by the court. *Mattox* v. *United States*, 146 U. S. 140.

THE facts are stated in the opinion.

*Mr. James G. Dudley* for plaintiff in error:

Jurisdiction in a criminal case is never presumed, but must always be shown, is never waived by a defendant, and want of jurisdiction can be attacked at any stage of a criminal proceeding or even collaterally. *In re Neilson*, 131 U. S. 176; *United States* v. *Rogers*, 23 Fed. Rep. 662; *In re Mills*, 135 U. S. 270; *In re Graham*, 138 U. S. 451.

District Courts of the United States have no jurisdiction to try capital cases, no jurisdiction to try a person indicted for murder, charged to have been committed on land, and no power or jurisdiction to sentence a person for a capital

offense so committed, either to suffer death or life imprisonment. Section 563, Rev. Stat. The Circuit Courts of the United States have exclusive jurisdiction of all capital cases. Section 629, Rev. Stat., subd. 20.

. . The indictment in this case charges a crime (murder) punishable by death, § 5339, Rev. Stat., and the offense is no less capital, although the jury by their verdict found defendant guilty as charged "without capital punishment." *Fitzpatrick* v. *United States,* 178 U. S. 304; *Goodshot* v. *United States,* 104 Fed. Rep. 257.

The United States court in the Indian Territory had jurisdiction until taken away by the enabling act. Jurisdiction was taken away without saving and excepting cases pending by § 20 of the enabling act, as amended by the act of March 4, 1907.

When the jurisdiction of a cause depends upon a statute, the repeal of the statute takes away the jurisdiction, and causes pending at the time fall, unless saved by provision of the statute. *United States* v. *Boisdore,* 8 How. 113; *Baltimore & P. R. R. Co.* v. *Grant,* 98 U. S. 398; *United States* v. *Tymen,* 11 Wall. 88; *Merchants' Ins. Co.* v. *Ritchie,* 5 Wall. 88; *McNulty* v. *Batty,* 10 How. 79; *Ex parte McCradle,* 7 Wall. 514; *Downes* v. *Bidwell,* 182 U. S. 675; *Murphy* v. *Utter,* 186 U. S. 109; *Bird* v. *United States,* 187 U. S. 124; *Colt* v. *Young,* 2 Blatchf. 473; *United States* v. *Barr,* 4 Sawy. 255; *United States* v. *Hague,* 22 Fed. Rep. 706; *United States* v. *Van Vliet,* 23 Fed. Rep. 35; *Manley* v. *Olney,* 32 Fed. Rep. 709; *Birdseye* v. *Sheffer,* 37 Fed. Rep. 825; *Aspley* v. *Murphy,* 50 Fed. Rep. 377; *Postal Tel. Cable Co.* v. *Southern R. R. Co.,* 89 Fed. Rep. 194; *Fairchild* v. *United States,* 91 Fed. Rep. 298; *Strong* v. *United States,* 93 Fed. Rep. 258; *Emblen* v. *Lincoln Land Co.,* 94 Fed. Rep. 713; 102 Fed. Rep. 562; *United States* v. *Jacobus,* 96 Fed. Rep. 262; *United States* v. *Kelley,* 97 Fed. Rep. 461; *Cincinnati Brewing Co.* v. *Betteman,* 102 Fed. Rep. 17; *McClain* v. *Williams,* 10 S. Dak. 336; *Raush* v. *Mor-*

*rison,* 47 Indiana, 416; *Atty. Genl.* v. *Wharton,* 25 La. Ann.
32; *Waimsley* v. *Nichols,* 36 La. Ann. 801; *Church* v. *Weeks,*
38 Mo. App. 579; *Olcott* v. *Maclean,* 10 Hun, 282; *State*
v. *Bank of Tennessee,* 3 Baxt. 409; *Texas Mexican R. R.
Co.* v. *Jarvis,* 80 Texas, 464; *S. C.,* 15 S. W. Rep. 1089.

So if an act conferring jurisdiction is repealed, without
reservation as to pending cases, they fall with it. *Sherman*
v. *Grinnell,* 123 U. S. 679; *National Bank* v. *Peters,* 144
U. S. 570; *Gurnee* v. *Patrick County,* 137 U. S. 141; *United
States* v. *Kelley,* 97 Fed. Rep. 461; *Sims* v. *Black Dog,* 9
Oklahoma, 671.

" When the jurisdiction of a cause depends upon a stat-
ute, the repeal of the statute takes away the jurisdiction,
and causes pending at the time fall, unless saved by pro-
vision of the statute." *United States* v. *Boisdore,* 8 How.
113; *Baltimore & P. R. R. Co.* v. *Grant,* 98 U. S. 398; *United
States* v. *Tymen,* 11 Wall. 88; *Merchants' Ins. Co.* v. *Ritchie,*
5 Wall. 541; *McNulty* v. *Batty,* 10 How. 79; *Ex parte Mc-
Cradle,* 7 Wall. 514; *Downes* v. *Bidwell,* 182 U. S. 248;
*Gwin* v. *United States,* 184 U. S. 675; *Murphy* v. *Utter,* 186
U. S. 109; *Bird* v. *United States,* 187 U. S. 124; *Colt* v.
*Young,* 2 Blatchf. 473.

If a statute giving a special remedy is repealed without
a saving clause in favor of pending suits, all suits must
stop where the repeal finds them. *Trenholm* v. *Gillard,*
101 U. S. 433; *Tex. Mex. R. R. Co.* v. *Jarvis,* 80 Texas,
464; *Larkin* v. *Safians,* 15 Fed. Rep. 153; *Vance* v. *Rankin,*
198 Illinois, 627; *Griffis* v. *Payne,* 22 Tex. Civ. App. 522;
*Burlington* v. *Burlington Traction Co.,* 70 Vermont, 495;
*Dulin* v. *Lillard,* 91 Virginia, 725.

The District Court of the United States for the Eastern
District of Texas, to have had jurisdiction in this case by
the order transferring the same, must not only have had
jurisdiction of the offense, but must have obtained juris-
diction of the person of the defendant, by some means
known to the law. *In re Johnson,* 167 U. S. 124; § 858,

Rev. Stat.; *Logan* v. *United States,* 144 U. S. 263, is not conclusive. See *Lucas* v. *Brooks,* 18 Wall. 436; Art. 775, Code of Crim. Proc.; Wilson's Statutes of Okla., 1903; Crim. Proc., 1232, § 5495; Snyder's Comp. Laws of Okla., 1909; Crim. Proc., 1399, § 6834; Laws of Okla., 1895, 201; Const. of Okla., Art. 24.

Under § 729, Rev. Stat., the trial of offenses punishable with death shall be had in the county where the offense was committed, where that can be done without great inconvenience.

A law intended by Congress specially for the benefit of members of the Choctaw and Chickasaw tribes, and for their protection against prejudice, should not operate as a snare and a delusion. *Texas &c. R. R. Co.* v. *Humble,* 181 U. S. 60.

The rule that jurors cannot be permitted to impeach their verdict, *Mattox* v. *United States,* 146 U. S. 140, does not apply here.

It is clear from the affidavits filed that the jury in this case discussed the punishment, and did not intend their verdict to carry a greater punishment than that for manslaughter. Unanimity is one of the essential features of trial by jury; it was so at the common law, and is preserved and protected by constitutional guarantee. *American Pub. Co.* v. *Fisher,* 166 U. S. 464; *Springfield* v. *Thomas,* 166 U. S. 707.

*Mr. Assistant Attorney General Fowler* for the United States:

The United States District Court for the Eastern District of Texas had jurisdiction to try this case, and it was not error for that court to overrule plaintiff in error's motion to remove the case to the District Court of Garvin County, State of Oklahoma. Section 4, act of March 1, 1895, c. 145, 28 Stat. 693; ch. 45, Mansfield's Digest General Laws of Arkansas; § 1, act of January 15, 1897 c. 29,

29 Stat. 487.; act of March 3, 1885, c. 341, § 9, 23 Stat, 385.; act of June 7, 1897, c. 3, 30 Stat. 62, pt. 6; agreement between Commission to the Five Civilized Tribes and the Choctaw and Chickasaw Nations of Indians, ratified by act of June 28, 1898, c. 517, 30 Stat. 495, 511, statutes relating to jurisdiction.

A United States court having jurisdiction over the Indian Territory was established by the act of March 31, 1889, c. 23, 25 Stat. 783, §§ 5, 17, 18; act of March 1, 1895, c. 145, 28 Stat. 693; act of June 28, 1898, c. 517, 30 Stat. § 29.

The admission of Oklahoma into the Union as a State did not abrogate the offense which plaintiff in error had committed, nor did it deprive the proper court of the power to proceed with the prosecution to a final judgment.

The statute creating the offense committed by plaintiff in error was not repealed by the admission of the State of Oklahoma, which embraced the territory wherein this crime was committed. *Holt* v. *United States*, 218 U. S. 245; *United States* v. *Baum*, 74 Fed. Rep. 43, 46; *Stevens* v. *Diamond*, 6 N. H. 330; Bishop, Stat. Crimes, § 182.

If the creation of Oklahoma into a State had the effect of repealing § 5339, Rev. Stat., under which this indictment was drawn, in so far as it applied to the territory embraced within said State, yet this offense was kept alive by § 13, Rev. Stat. *United States* v. *Reisinger*, 128 U. S. 398. The United States District Court at Paris, Texas, was the only court which, after the creation of the State of Oklahoma, had jurisdiction to try this case.

The authorities cited by plaintiff in error do not contradict this position.

There being no exception taken by plaintiff in error the order is not before this court on appeal, and it is not open to such collateral attack. *Voorhees* v. *United States Bank*, 10 Pet. 449, 472; *Grignon* v. *Astor*, 2 How. 318, 319, 338; *Harvey* v. *Tyler*, 2 Wall. 328, 342; *Applegate* v. *Lexington Mining Co.*, 117 U. S. 255, 270.

The change of venue was made on plaintiff in error's own motion, and he cannot now be heard to impeach its validity on the ground that the facts authorizing the transfer did not exist. *Murphy* v. *Massachusetts*, 177 U. S. 155; *Perteet* v. *The People*, 70 Illinois, 171, 178; *State* v. *McEvoy*, 68 Iowa, 355; *People* v. *Court Special Sessions*, 4 Hun, 441.

The failure to designate in the order that the case was removed to the District Court at Paris was immaterial, as the statute expressly directed that it was to that court alone it could be removed, and it was that court alone which was vested with jurisdiction to try the same.

Under the statutes directing the enrollment of the Indians, records thereof must be kept in the Interior Department, and the courts will take judicial knowledge of such records. *Knight* v. *United States Land Asso.*, 142 U. S. 161, 169.

The court did not err in refusing to permit Evelina Hendrix, the wife of plaintiff in error, to testify in his behalf. Section 858, Rev. Stat., has no application to criminal trials; rules of evidence in such cases, unless expressly modified by Congress, are those which existed when the judiciary act of 1789 was passed. *United States* v. *Reid*, 12 How. 361, 366; *Logan* v. *United States*, 144 U. S. 263, 298; *United States* v. *Black*, 1 Hask. 570; *United States* v. *Hawthorne*, 1 Dillon, 422; *United States* v. *Brown*, 1 Sawyer, 531; *United States* v. *Hall*, 53 Fed. Rep. 352. *Lucas* v. *Brooks*, 18 Wall. 436, 453, was a civil case, and does not apply.

Plaintiff in error is not entitled to a new trial for the reasons set forth in certain affidavits which it is claimed were made by members of the jury. *Mattox* v. *United States*, 146 U. S. 140, 149.

Whether a new trial should be granted being within the court's discretion is not reviewable by this court. *Henderson* v. *Moore*, 5 Cranch, 11, 12; *Marine Ins. Co.* v.

*Young,* 5 Cranch, 187, 191; *McLanahan* v. *Insurance Co.,* 1 Pet. 187; *United States* v. *Beaufort,* 3 Pet. 12, 32; *Mattox* v. *United States,* 146 U. S. 140, 147.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Hendrix was indicted in the United States court in the Indian Territory for the crime of murder, for killing one Roler W. Voss. On his motion the case was transferred for trial to the United States court for the Eastern District of Texas, at Paris, Texas. The order transferring the case recited that it was made on the motion of Hendrix, "the court being well advised in the premises."

On the fourth of March, 1909, in the District Court, he objected to the jurisdiction of the court on the ground that the crime was committed in the State of Oklahoma, and "that under the act of Congress known as the 'Enabling act,' passed June 16, 1906, all criminal cases pending in the United States court within the Indian Territory were transferred to the district courts of the State of Oklahoma and of the county of said State where the alleged offense is said to have been committed."

A motion was made to send the cause to such county, to the end that the offense "be tried in the county and State where alleged to have been committed, in pursuance of the Constitution of the United States and the statutes made in pursuance thereof."

The motion was supported by the affidavit of the attorney of Hendrix, which stated that he was instrumental in having the cause removed to Paris, Texas, on account of the prejudice of the presiding judge of the Southern District of the Indian Territory, and that "under the Federal statute permitting said removal to be made, the same was done by Will Hendrix on my advice and suggestion, especially for the reason before mentioned. . . ."

The motion was denied. Hendrix was convicted and sentenced to hard labor for life in the penitentiary of the United States at Atlanta, Georgia.

A motion for a new trial was made, stating as the grounds thereof certain rulings upon evidence, and the action of the court in denying the motion to transfer the case to Garvin County, Oklahoma. And the same grounds constitute the assignments of error in this court.

Another ground is urged in the argument. It is urged that the District Court at Paris, Texas, did not have jurisdiction of the person of Hendrix because, as it is contended, the order of the court changing the venue of the case directed it to be transmitted "to the United States court at Paris, Texas," and did not designate the District Court as required by the statute. "There were district and circuit courts," it is said, "for the Eastern District of Texas, at Paris, Texas, but no court by the name of the 'United States court.'" And it is asked, "to which of these courts was this case transferred?" The question is easily answered. The statute under which the change of venue was made provides "that whenever a member of the Choctaw and Chickasaw Nations is indicted for homicide, he may, within thirty days after such indictment . . . file . . . his affidavit that he cannot get a fair trial, . . . and it thereupon shall be the duty of the judge to order a change of venue in such case to the United States district court for the Western District of Arkansas, at Fort Smith, Arkansas, or to the United States district court for the Eastern District of Texas, at Paris, Texas . . ." June 28, 1898, c. 517, 30 Stat. 511. Reading the order of the court changing the venue of the case in connection with the statute, the order is not uncertain. Besides, the record was transferred and filed in the District Court at Paris, Texas, and Hendrix was tried in that court. In other words, the case was removed to the only United States court at Paris, Texas, designated by the statute,

and tried in the only United States court there in which it could be tried.

It is further contended that such District Court had no jurisdiction of the person of.Hendrix, because the order of removal did not recite "the jurisdictional facts or findings authorizing such change of venue," nor are such facts or findings shown by the record. That is, it is not shown that he was a member of the Choctaw and Chickasaw Nations. To both objections it might be immediately answered that a complete record of the case is not here. The affidavit upon which the order of removal was made is not here. It is not denied that an affidavit was filed as required by the statute, and it may be assumed that it was sufficient to justify the action of the court. It is admitted that Hendrix is an Indian and a member of the Choctaw and Chickasaw Nations. The motion for change of venue was made by him, and could only have been made by him, and the order recites that the court granted the motion, "being well advised in the premises." This means advised by Hendrix in the way provided by the statute. And it has indubitable confirmation in the affidavit of his attorney, filed in support of the motion to send the case back to Oklahoma. It stated that the motion for removal was made "under the Federal statute permitting said removal to be made."

The inference is palpable that the jurisdictional fact that Hendrix was an Indian was presented to the court and constituted its ground of action—action which, we may say, was imperatively required by the statute.

The next contention of Hendrix is that jurisdiction was taken from the District Court in Texas by § 20 of the act to enable the people of Oklahoma to form a constitution and a state government, as amended March 4, 1907. By that section it was provided that all causes, civil and criminal, pending in the United States courts of Oklahoma Territory, or in the United States courts in the Indian

Territory, at the time those Territories should become a State, not transferred to the United States Circuit Court or District Courts in the State of Oklahoma, should be proceeded with, held and determined by the courts of the State, with rights of appeal to the final appellate court of the State and to the Supreme Court of the United States. And it is provided that "all, criminal cases pending in the United States courts in the Indian Territory not transferred to the United States circuit or district courts in the State of Oklahoma shall be prosecuted to a final determination in the state courts of Oklahoma under the law now in force in that Territory." March 4, 1907, Chap. 2911, 34 Stat. 1286.

The argument is that by certain acts of Congress, explained in *In re Johnson*, 167 U. S. 120, the United States courts in the Indian Territory were given jurisdiction of offences committed in the Territory against the laws of the United States, and that the laws which conferred jurisdiction on the United States courts held in Arkansas, Kansas and Texas outside of the limits of the Territory were repealed. But we have seen that by § 29 of the act of June 28, 1898, a change of venue of cases in the United States courts of the Territory could be invoked by a member of the Choctaw and Chickasaw Nations, and that under the statute the venue of the pending case was, on the motion of Hendrix, changed to the District Court at Paris, Texas. It is, however, contended that the power of the court to make the order "had been taken away and repealed by the act of Congress known as the 'Enabling act,' and the State of Oklahoma had been erected and the state courts had succeeded to the jurisdiction of the United States courts in the Indian Territory." The "Enabling act," it is urged, "makes no exception or provision saving cases pending in the United States court in the Indian Territory, nor any provision saving cases then pending in any of the United States courts" at Paris,

Texas, or in the Eastern District of Texas, on change of
venue, and, therefore, the court had no jurisdiction to
try Hendrix. To support the contention it is argued
that when the jurisdiction of a cause depends upon a
statute the repeal of the statute takes away the jurisdic-
tion and causes pending at the time fall, unless saved by
provision of the statute. Many cases are cited to support
the proposition and other cases to sustain the view that,
"if an act conferring jurisdiction is repealed, without
reservation as to pending cases, they fall with it." The
effect would have to be admitted if the imputed cause
existed. The act of June 28, 1898, under which the change
of venue was ordered, was not repealed. The conditions
of its future application, of course, disappeared with the
admission of the State into the Union, but what had been
done before that time was not abrogated, nor was the
statute repealed. It had performed its office as to the
pending case, but even if we should consider it necessarily
as a continuing power, not completely fulfilling its purpose
by the transfer simply of a case from one court to another,
we cannot regard it as having been repealed nor that
jurisdiction had been taken from the District Court at
Paris, Texas. The "Enabling act" provides only for
the transfer of cases to the courts of Oklahoma which
were pending in the District Court of the Territory of
Oklahoma and in the United States courts of Indian Ter-
ritory. That this case was so pending was the conception
of counsel when the motion was made to transfer it to the
District Court of Garvin County, Oklahoma, and the same
conception is expressed in the argument. And it is neces-
sary to meet the words of the enabling act, which em-
braced, as we have seen, only cases pending in the courts of
Oklahoma and Indian Territories. The foundation of the
conception seems to be that the venue of the case was not
legally changed to the District Court at Paris, Texas,
and that it was still pending in the United States court in

the Indian Territory when the enabling act was passed and was transferred by the act to the courts of the State. To this operation of the act we cannot assent. The act is explicit in its terms and provisions. It was careful in its accommodations for the new conditions—the change of the Territories into a State, and in the adjustments made necessary by the creation of new jurisdictions, state and Federal. There was no such necessity for cases transferred to other jurisdictions still adequate to dispose of them. The contention is therefore untenable.

It is assigned as error that the wife of Hendrix was not allowed to testify in his behalf to certain matters which, it is contended, were "vitally material to his defense." The ruling was not error. *Logan* v. *United States,* 144 U. S. 263.

On the motion for new trial affidavits of four jurors were offered, stating with some detail that they did not understand the legal effect of the verdict. Only one of the affidavits is in the record. The maker states that, by finding the defendant guilty, as charged in the indictment, without capital punishment, "he did not understand what the punishment would be on such a verdict, and agreed to it on the understanding that the punishment would only be two years in the penitentiary." He further states that he was in favor of a verdict for manslaughter, and would never had consented to the verdict had he thought or believed it "would carry with it a life penalty." The motion for new trial, as we have said, was denied. We see no error in the ruling. *Mattox* v. *United States,* 146 U. S. 140.

The other errors assigned are not pressed in the argument.

*Judgment affirmed.*

MR. JUSTICE HARLAN dissents.