## FULLERTON v. GOVERNMENT OF THE CANAL ZONE.

(Circuit Court of Appeals, Fifth Circuit. October 30, 1925.)

No. 4521.

1. **Criminal law ⬤⟿117—Change of venue held properly granted by judge of district comprising Canal Zone.**

Under rules for District Court for Canal Zone, established by Executive Order March 12, 1914, § 11, pursuant to Act Cong. Aug. 24, 1912, District Judge may grant change of venue to another division of district on application of either government or defendant, notwithstanding Code of Crim. Proc. (Laws of Canal Zone, Ann. 1921, Acts 1 and 15) § 164, adopted by Isthmian Canal Commission under authority of Panama Canal Act, June 28, 1902, providing for change of venue only on application of defendant, and Act Aug. 1912, continuing in effect all laws of Canal Zone.

2. **Courts ⬤⟿433½, New, vol. 19A Key-No. Series—Provision for change of venue in Canal Zone held "rule of practice" which President was authorized to promulgate.**

Executive Order March 12, 1914, § 11, relating to Canal Zone, and providing for change of venue from one division of district to the other, is a "rule of practice" within Act Aug. 24, 1912, providing that rules of practice should be prescribed by President.

3. **Criminal law ⬤⟿121—Granting change of venue on application of government held not abuse of discretion.**

Where money for defendant's defense was attempted to be raised by lottery, in which large percentage of eligible jurors had participated, granting change of venue on application of government was not abuse of discretion.

4. **District and prosecuting attorneys ⬤⟿3(1)—Governor of Canal Zone authorized to appoint assistant district attorney.**

Appointment of assistant district attorney by Governor of Canal Zone, appointed by Presi-

dent under Act Aug. 24, 1912, § 4 (Comp. St. § 10040), was authorized.

**5. Criminal law ⬅➡1129(3)—Assignment of error in admission or exclusion of evidence must state substance thereof.**

Assignment of error merely that court erred in admitting or excluding evidence is insufficient, under rule 11 of Circuit Court of Appeals, requiring statement of substance of evidence admitted or rejected.

**6. Indictment and information ⬅➡26—Prosecution for embezzlement of fines collected by constable in Canal Zone held properly brought in name of zone.**

Under Code Crim. Proc., adopted by Isthmian Canal Commission, § 5, continued in force by Act Aug. 24, 1912, prosecution for embezzlement of fines by constable of magistrate's court *held* properly brought in name of Canal Zone rather than United States.

**7. Embezzlement ⬅➡30—Ownership of embezzled fines held properly laid in Panama Canal rather than in United States.**

Ownership of fines collected and embezzled by constable of magistrate's court of Canal Zone *held* properly laid in Panama Canal, in prosecution therefor, notwithstanding auditor of canal was required to cover such money into Treasury of United States.

**8. Embezzlement ⬅➡11(2) — Embezzlement by public officer of funds ,which he is under duty to account for complete without demand for and refusal to so account.**

Offense of embezzlement by officer of fines collected by him, which he is under duty to account for and pay over to another officer, is complete without any demand for and refusal to make such payment.

**9. Criminal law ⬅➡956(13)—Denial of new trial in prosecution for embezzlement held not abuse of discretion.**

In prosecution for embezzlement, denial of motion for new trial, supported solely by defendant's own affidavit, on information and belief that, during trial, government witness remarked in hearing of three of jury "F. [defendant] will have to go to jail," and that one of jurors engaged with outsider in discussion of case, substance of which discussion was not shown, *held* not abuse of discretion.

In Error to the District Court of the United States for the Canal Zone; J. W. Blackburn, Judge.

Raymond R. Fullerton was convicted of embezzlement, and brings error. Affirmed.

Chauncey P. Fairman, of Cristobal, Canal Zone, for plaintiff in error.

F. Edward Mitchell, U. S. Dist. Atty., for Canal Zone, of Washington, D. C., J. J. McGuigan, Asst. Dist. Atty., of Balboa Heights, Canal Zone, and Jno. O. Collins, of Ancon, Canal Zone, for the Government of Canal Zone.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, Raymond R. Fullerton, hereafter referred to as defendant, was the constable of the magistrate's court for the division of Cristobal, Canal Zone. An audit of his books disclosed that he had failed to account for and pay over to the proper officer various fines that had been received by him in his official capacity. On demand he made good the shortage. On September 26, 1924, an affidavit was filed in the said magistrate's court, charging defendant with having feloniously appropriated to his own use an additional amount of $91. Defendant was arrested, held to bail, and a hearing was had before the magistrate, at which time he offered to pay the amount he was charged with having embezzled, and subsequently he did so. On October 24, 1924, an information was filed in the Cristobal Division of the District Court, on behalf of the government of the Canal Zone, by one J. O. Collins, purporting to be assistant district attorney for the Canal Zone, charging defendant in apt language with the same offense, to wit, the embezzlement of $91 in United States currency, the property of the Panama Canal, which he had received in his official capacity as constable in liquidation of a fine imposed by the magistrate's court. Defendant appeared with counsel and pleaded not guilty. Thereafter, but on the same day, Collins, as assistant district attorney, moved for a change of venue to the Balboa division of the court. The motion was heard and granted. The case came on for trial in the Balboa division on October 30, 1924. Defendant then moved for a continuance, which was granted to November 12, 1924. On this day counsel for defendant stated verbally that he was not ready, and objected to going to trial in that division at all. Other than this he made no objection to the change of venue, did not take an exception to the order of court, and did not ask that the order be rescinded. Defendant also filed a motion to quash the information on the ground that there was no provision in the law of the Canal Zone for the office of assistant district attorney, and therefore Collins was not such officer, and was without authority to file the information. The motion to quash was overruled, and the trial proceeded, resulting in a verdict of guilty, on which judgment was entered and sentence imposed.

[1] Error is assigned to the action of the court in granting the change of venue. Other errors are also assigned and will be adverted to later.

In 1904, under the authority of the Panama Canal Act (June 28, 1902), a complete system of courts was created, and a Code of Criminal Procedure was adopted by the Isthmian Canal Commission with the approval of the President. Laws of the Canal Zone, Annotated, 1921. Acts Nos. 1 and 15. By Act of Congress of August 24, 1912 (37 Stat. 564, §§ 7, 8 [Comp. St. §§ 10043, 10044]), magistrate's courts were provided for, and a District Court for the Canal Zone was created with two divisions, one including Balboa, and the other including Cristobal, with one District Judge. Civil and criminal jurisdiction was divided between the magistrate's courts and the District Court, which latter court was given original jurisdiction of all felony cases. The act (section 8) specifically provided that "the rules of practice in such District Court shall be prescribed or amended by order of the President." The same act gave authority to the President to determine the territorial extent of each division of the court.

Pursuant to the authority vested in him by the act of 1912, the President, by executive order dated March 12, 1914 (Executive Orders Relating to the Panama Canal, Annotated, 1921), adopted brief but comprehensive rules of practice to govern the District Court, incorporating therein by reference certain provisions of the existing Canal Zone laws. Section 11 of the order provided that—

"The District Judge may order a change of venue in any case, civil or criminal, when in his opinion that is necessary to an orderly and due administration of justice, or when for any cause it is not practicable to hold a session in the division where the case was originally instituted."

By Act of September 21, 1922 (Comp. St. Ann. Supp. 1923, §§ 10043, 10044), Congress enlarged the jurisdiction of the District Court and again vested authority in the President to prescribe, amend, or repeal rules of practice for the court.

The Act of August 24, 1912 (Comp. St. § 10038), also provides that—

"All laws, orders, regulations, and ordinances adopted and promulgated in the Canal Zone by order of the President for the government and sanitation of the Canal Zone and the construction of the Panama Canal are hereby ratified and confirmed as valid and binding until Congress shall otherwise provide."

Section 164, Code of Criminal Procedure of the Canal Zone provides for a change of venue in a criminal case from one district to another on the application of the defendant only, and to that extent might seem to be in conflict with section 11 above quoted.

Defendant relies on said section 164 in urging the illegality of the order of the District Judge in this case, and contends that said section is kept in force by reason of the provisions of the Act of August 24, 1912, continuing all laws of the Canal Zone until Congress shall otherwise provide. It is quite evident, however, that Congress intended to continue only such laws as were applicable to changed conditions. The District Court created by the act was not in existence when the Code of Criminal Procedure was adopted, and of course the Code was not intended to apply to that court. Furthermore, the provision for a change of venue provided for by the Code of Criminal Procedure was from one court to another and not from one division to another of the same court. By vesting the President with authority to prescribe rules of practice for the District Court, Congress expressly deprived the existing rules of practice intended for other and different courts of any efficacy whatever, unless subsequently adopted by him.

[2] Defendant further contends that section 11 of the order providing for a change of venue is not a rule of practice, and the President was therefore without authority to establish the rule set out in section 11 of the Executive Order above referred to. With this contention we cannot agree. There is but one District Court in the Canal Zone. For the convenience of litigants, Congress divided the court into two divisions, but left it to the President to say what territory should be included in each division, provided Balboa was included in one division and Cristobal in the other. The provision for a change of venue from one division of the court to another is as much a rule of practice as a provision for the granting of a new trial or an order prescribing the form of pleadings, delays for answer, or the time in which an appeal may be taken. Section 11 of the Executive Order relating to a change of venue was well within the authority of the President to make. In the courts of the United States the authority to adopt rules of practice in admiralty, in equity, and in bankruptcy is delegated to the Supreme Court. In adopting laws to govern the Canal Zone, Congress could delegate to the President authority to make rules of practice in the District Court.

It follows that the District Judge had the right to grant a change of venue in the

exercise of sound judicial discretion, either on the application of the government or the defendant.

[3] As bearing upon the exercise of discretion by the District Judge, at the hearing on the motion for a change of venue, an affidavit and other evidence was submitted tending to show that, after the defendant had been arrested, his friends raised or attempted to raise $2,100 by means of a lottery, the money to be used in his defense. It was also shown that a large percentage of the inhabitants of the Balboa division eligible for jury duty had participated in the lottery. Under the circumstances, it could not be said that there was any abuse of discretion on the part of the judge. Error cannot be sustained to his action in granting the change of venue.

[4] Defendant assigns error to the action of the court in denying the motion to quash the information. It does not clearly appear from the record by what authority Collins was appointed assistant district attorney. There is no provision in the statutes creating the District Court for such office, although a district attorney is provided for. It may be gathered from the briefs that Collins was acting under a designation made by the Governor of the Panama Canal and took an oath.

Under the provisions of section 46 of Act No. 8, enacted by the Isthmian Canal Commission by authority of the President (Laws of the Canal Zone, Annotated, 1921), three assistant prosecuting officers were provided for. Conceding arguendo that this provision was not continued in force by the act of Congress of 1912, section 4 of that act (Comp. St. § 10040) authorized the President, after the discontinuance of the then organization, to govern the Panama Canal and the Canal Zone through a Governor and such other persons as he might deem competent to discharge the various duties connected with the government and protection of the Canal and Canal Zone. Under this provision the President had the power to appoint an assistant district attorney if the necessity arose and he could exercise this authority through the governor of the Canal.

The same question was considered in 1916 by Attorney General Gregory, and he reached the conclusion that the Governor of the Panama Canal had the authority to appoint an assistant district attorney when the necessity existed. See Opinions of Attorneys General, vol. 30, p. 562. The question of the necessity for the appointment was one to be determined by the Governor of the Panama Canal, and we must assume that the District Court had before it sufficient evidence of the appointment and qualifications of Collins in overruling the motion to quash. There was no error in the ruling of the court on this point.

Error is assigned to the refusal of the court to direct a verdict in favor of defendant. There was ample evidence before the jury to support the verdict. This assignment is without merit.

[5] The fourth assignment of error is as follows:

"(4) The court erred in admitting evidence prejudicial to the defendant over the objection of the defendant."

The fifth assignment of error runs to the exclusion of evidence offered on behalf of the defendant, and is equally vague. Rule 11 of this court provides:

"When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected."

It is patent that these assignments do not comply with the rule, and that it is impossible for the court to know from them just what is complained of. However, regardless of this, we have carefully examined the record, and do not find any reversible error with respect to the admission or exclusion of evidence.

Error is assigned to certain remarks of the judge occurring in a colloquy with counsel for defendant. The remarks of the judge were such as might occur in the trial of any hotly contested case. They do not amount to error, and it is unnecessary to set them out.

Error is assigned to certain parts of the general charge of the court and to the refusal to give certain special charges requested. These errors are set out in assignments 7 to 12, inclusive, and may be considered together. In this regard defendant makes the following points:

[6] Defendant contends that the prosecution should have been in the name of the United States and not in the name of the Canal Zone. Section 5, Code of Criminal Procedure, adopted by the Isthmian Canal Commission, and continued in force by the Act of August 24, 1912, provides that a criminal action shall be prosecuted in the name of the government of the Canal Zone. This point is not well taken.

[7] Defendant also contends that there was no evidence before the court to show that the money embezzled was the property of

the Panama Canal; that on the contrary it was shown to be the property of the United States. It appears from the record that under the rules and regulations prescribed by the Governor of the Panama Canal by authority of the President it was the duty of defendant to account for all fines collected by him and pay same over to the collector for the Panama Canal. We think, considering these regulations, that the ownership of the fines collected was properly laid in the Panama Canal, notwithstanding it was the duty of the auditor of the Panama Canal to subsequently cover the money into the Treasury of the United States.

[8] Defendant further contends that at the time the information was lodged the embezzlement was not complete, and would have been complete only after demand had been made on him and he had refused to pay. It may be conceded that in some circumstances demand and refusal to pay is necessary before an agent may be charged with embezzlement, but this doctrine has no application to a public officer whose duty is to account for money received and to pay it over to another officer. In view of the above-quoted regulations and the law on the subject generally there was no need for a demand on the defendant in this case. This contention is also without merit. See Second Bishop's Criminal Law (9th Ed.) pars. 373–376.

Other points made by defendant on these six assignments require no comment.

[9] Error is assigned to the action of the court in refusing a new trial. Defendant admits the rule that the granting of a new trial is usually within the sound discretion of the trial judge, but seeks to differentiate this case to bring it within the doctrine of Mattox v. U. S., 146 U. S. 140, 13 S. Ct. 50, 36 L. Ed. 917.

Defendant filed a motion for a new trial, supported solely by his own affidavit, on information and belief, which tended to show that, during the trial, one of the government witnesses had remarked in the hearing of three of the jury, "Fullerton will have to go to jail"; further that one of the jurors had engaged in a discussion with an outsider regarding the case. It is not shown what this discussion amounted to. Other parts of the affidavit tended to show that some of the jury might have been prejudiced against the defendant because of their employment by the Panama Canal. The affidavit at best is vague and indefinite. It appears, however, that the affidavit was received by the court and argument was had

on the motion for a new trial before it was overruled. In the Mattox Case, supra, the Supreme Court sustained error because the trial judge refused to receive affidavits and did not exercise his discretion at all. That case is not in point here. The judge gave consideration to defendant's affidavit and ruled against him. There was not any failure to exercise discretion, and, on the facts disclosed, this was not even an abuse of discretion. The assignment is without merit. Haws v. Victoria Copper Mining Co., 160 U. S. 303, 16 S. Ct. 282, 40 L. Ed. 436; Hendrix v. U. S., 219 U. S. 91, 31 S. Ct. 193, 55 L. Ed. 102; Holt v. U. S., 218 U. S. 251, 31 S. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138.

There are other errors assigned, but it is unnecessary to enumerate them. They are all disposed of adversely to defendant's contentions by what has been said above.

Affirmed.