**BARTON et al. v. UNITED STATES.**

Circuit Court of Appeals, Fourth Circuit.
April 23, 1928.

No. 2715.

**1. Criminal law ⊛829(1)—Refusal of defendants' requested instructions, substantially covered by instruction given, was not error.**

Refusal of defendants' requested instructions, substantially covered, so far as correct, by instruction given, was not error.

**2. Criminal law ⊛1168(1)—Where sentence did not exceed that authorized under one count, refusal of directed verdict for defendant on another count was not prejudicial.**

Where sentence imposed did not exceed that which might have been imposed under first count of indictment, refusal to direct verdict for defendant on second count was not prejudicial, even if evidence did not support verdict on that count.

**3. Witnesses ⊛52(7)—Defendant's wife is not competent witness for defendant.**

In a criminal trial in the federal courts, defendant's wife is not a competent witness in his behalf.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenwood; Henry H. Watkins, Judge.

E. B. Barton and another were convicted of an offense, and they bring error. Affirmed.

S. M. Smith, of Edgefield, S. C. (George Bell Timmerman, of Lexington, Ky., on the brief), for plaintiffs in error.

Joseph A. Tolbert, U. S. Atty., of Greenville, S. C.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PER CURIAM. [1] We have examined the record in this case very carefully and find no error. The requests for instructions, in so far as they were correct, were substantially covered by the careful charge of the learned trial judge.

[2] As to the refusal to direct a verdict for defendant on the second count of the indictment, we think that there was ample evidence to support the verdict on this count; but, if this were not true, defendant has no ground of complaint on this score, as the sentence imposed did not exceed that which might have been imposed under the first count alone.

[3] The exception directed to the exclusion of the testimony of his wife requires no discussion. The rule is well settled that in a criminal trial in the federal courts the wife of a defendant is not a competent witness in his behalf. Jin Fuey Moy v. U. S., 254

U. S. 189, 195, 41 S. Ct. 98, 65 L. Ed. 214; Hendrix v. U. S., 219 U. S. 79, 91, 31 S. Ct. 193, 55 L. Ed. 102.

Affirmed.