**James Clifton HAWKINS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 5646.**

United States Court of Appeals
Tenth Circuit.

Nov. 9, 1957.

Cleon A. Summers, Muskogee, Okl., for appellant.

Russell H. Smith, First Asst. U. S. Atty., Tulsa, Okl. (B. Hayden Crawford, U. S. Atty., Tulsa, Okl., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and BREITENSTEIN, Circuit Judges.

BRATTON, Chief Judge.

The indictment in this case charged that appellant transported a girl in interstate commerce from Mena, Arkansas, to Tulsa, Oklahoma, for immoral purposes. The jury found appellant guilty; the court sentenced him to imprisonment; and he appealed.

■ Error is predicated upon the action of the court in permitting the wife of appellant to testify as a witness for the government. With certain exceptions which have no bearing here, it was the general rule at common law that neither husband nor wife was competent to give testimony as a witness for or against the other in any case, civil or criminal; and for a long period of time that rule was consistently iterated, reiterated, and applied in the United States courts. Stein v. Bowman, 13 Pet. 209, 221, 10 L.Ed. 129; Lucas v. Brooks, 18 Wall. 436, 452, 21 L.Ed. 779; Stickney v. Stickney, 131 U.S. 227, 9 S.Ct. 677, 33 L.Ed. 136; Graves v. United States, 150 U.S. 118, 14 S.Ct. 40, 37 L.Ed. 1021; Hendrix v. United States, 219 U.S. 79, 91, 31 S.Ct. 193, 55 L.Ed. 102; Jin Fuey Moy v. United States, 254 U.S. 189, 41 S.Ct. 98, 65 L.Ed. 214. But it later became the settled rule in the United States courts that the wife of a defendant on trial for a criminal offense is a competent witness in his behalf. Funk v. United States, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369. That case did not involve and the court did not determine the question whether a wife is a competent witness against her husband on the trial of a criminal case in which he is charged with an offense. But in Yoder v. United States, 10 Cir., 80 F.2d 665, this court committed itself to the view that a wife is a competent witness to give testimony against her husband on the trial of a criminal case in which he is charged with a crime. There, the witness and the defendant had been divorced prior to the time of the trial but the court did not place its decision upon that basis. Instead, the court expressly placed its decision upon the underlying ground that a wife is a competent witness for the government in a criminal case in which her husband is being tried for a criminal offense; and we are content to follow that case without any effort to amplify or elucidate further its undergirding philosophy.

■ But let it be assumed for the moment that the witness was not competent to give testimony against her husband. Laying aside the testimony

which the government elicited from the witness, these facts were established upon the trial. The prosecutrix, a girl seventeen years of age, lived with her parents near Dogpatch, Oklahoma, a place consisting of two buildings, one a tavern in which she worked as a waitress and the other a dance hall owned by appellant. In November, 1955, the prosecutrix told appellant that she wanted a better job which paid more money and he asked her if she cared to go to Tulsa and work with Jane. She understood that he meant to work as a prostitute in a hotel, and she agreed to do so. The following day, they drove to Mena and thence to Tulsa in appellant's automobile. They stopped at a filling station on the outskirts of Tulsa along towards daylight, and appellant made a telephone call. In about thirty minutes, Jane and a woman referred to as Tommie came to the filling station. The prosecutrix went with Jane and Tommie to Jane's room in a hotel where Jane gave the prosecutrix advice respecting practices in the trade. The prosecutrix then went to another hotel, registered, and worked as a prostitute for two days before being arrested. Tommie furnished the money with which to pay the fine imposed upon the prosecutrix. After the fine was paid, the prosecutrix went to another hotel or rooming house where she registered and spent a day or two, and while there, she filled a couple of dates. The prosecutrix, Jane, and Tommie then went to Fort Smith, Arkansas, in Jane's automobile. Appellant joined them in Fort Smith. Appellant and the prosecutrix then went to Hot Springs, Arkansas, where they spent the night together, and from Hot Springs, the prosecutrix went by bus back home. Jane's true name was Erma Lane Hawkins and she was married to appellant. Though not divorced, at the time of the transportation of the prosecutrix and at the time of the trial appellant and his wife were not living together. He was living at Dogpatch and she was living in Tulsa. While in the course of so-called qualifying questions propounded by the attorney for appellant

and in the course of cross examination, the wife of appellant gave other testimony, the substance of the testimony which the government elicited from her was that she had been a prostitute, and that in November, 1955, she used the name Jane Wilson. She did not testify at the instance of the government to any act or statement on the part of appellant relating to the transportation of the prosecutrix; did not testify that she ever saw appellant and the prosecutrix together at any time or place; did not testify that she ever saw the prosecutrix anywhere; did not testify that she ever saw appellant at Tulsa, at Fort Smith, or at Hot Springs; and did not testify to any act performed or any statement or admission made by him. Even though it be said that she was incompetent to testify as a witness against her husband, the error in permitting her to give the testimony which the government elicited from her was harmless and therefore does not require reversal of the judgment.

Affirmed.