### Rowe v. Matthews and others.

(*Circuit Court, E. D. Michigan.*    October 15, 1883.)

New Trial—Discretion of Court—Disturbing Verdict.

The granting of new trials is largely a matter of discretion. Errors in the admission of testimony or in the instructions of the court, even though material, are not always sufficient to require a reversal. It is only where the case has been submitted to the jury upon a wrong theory, or where the court is not satisfied that justice has been done, or is of opinion that a new trial will or ought to produce a different result, that the verdict should be disturbed.

On Motion for New Trial.

This was an action of trespass on the case, against the marshal

and his deputy, to recover the value of certain goods seized upon execution in favor of creditors of one Gladwin, formerly a boot and shoe dealer in this city. Plaintiff claimed title by virtue of a bill of sale and possession taken thereunder at a time when Gladwin had become wholly insolvent. Plaintiff, who was his brother-in-law, had made advances of money to him amounting to $2,185. He came to Detroit for the purpose of obtaining security for its repayment, but, under advice of counsel, had his stock appraised, and took a bill of sale, paying Gladwin a small difference of $15 between the amount of his claim and the value of the stock, upon their estimate, and took possession within 24 hours. The creditors of Gladwin subsequently obtained judgments against him, and levied upon the stock, when plaintiff began this action. The case turned upon the question of fraud in the transfer, and the jury returned a verdict for the plaintiff. Motion was made for a new trial, upon the ground that the verdict was against the law and the evidence, and that there were numerous errors in the instructions of the court to the jury, and in the admission and rejection of testimony.

*J. G. Dickinson* and *Alfred Russell*, for the motion.

*John D. Conely, contra.*

Brown, J. This motion is based upon some 59 alleged errors in the findings of the jury and the rulings of the court. These exceptions may be classified as follows: (1) That the verdict was against the law and the evidence; (2) that the court erred in certain of its rulings with respect to the admission of testimony; (3) that the court erred in several particulars in its instructions to the jury.

With regard to the first ground, I need only say that at the trial the verdict met with my entire approval, and that I have seen no reason for changing my opinion. I have also reviewed the alleged errors in the rulings and instructions of the court, and am of opinion that none of the exceptions thereto are well taken. Had I found errors in them, I should have scrutinized their importance carefully before setting aside the verdict.

In their numerous exceptions counsel for the defendants seem to have shared in a misapprehension, which, judging from the number of motions of this character, is a common one, that nothing more is necessary to entitle a party to a new trial than to show such errors as would be deemed sufficient by an appellate court to justify setting aside the verdict. Nothing could be more misleading than this idea. Whatever may be the rule upon writs of error, the granting of new trials is largely a matter of discretion. Errors in the admission of testimony or in the instructions of the court, even though material, do not, as matter of law, necessitate a reversal of the proceedings. It is only where the case has been submitted to the jury upon a wrong theory, or where the court is not satisfied that justice has been done, or is of opinion that a new trial will or ought to produce a different result, that the verdict should be disturbed. Noth-

ing is better calculated to demoralize the administration of justice, and to justify the popular belief in the uncertainty of the law, than the practice of granting new trials upon trivial grounds, to give the defeated party another chance. It is for the interest of suitors and the public not only that cases should be fairly tried, but that the verdict of a jury should be the end of the controversy. Of course, this cannot always be the case. Courts will sometimes mistake the law upon a vital point. Juries are occasionally dominated by passion, sympathy, or prejudice. In either event, injustice is likely to occur, unless a new trial be granted. But if the court is satisfied that substantial justice has been done, and that a retrial is sought to give the plaintiff an opportunity of pressing an inequitable claim, or the defendant to patch up a technical defense, the verdict should stand, though inadmissible testimony may have crept in, or inadvertent expressions may have been used by the court. It was formerly the practice in Ohio to allow a second trial in every case, but the law was found to operate so unsatisfactorily that it was finally repealed. Under our practice it is only in actions of ejectment, and that for obvious reasons, that a retrial is permitted as a matter of course.

The position we have assumed is sustained by a great wealth of authority. The cases are collected and abstracted in 1 Grah. & W. N. T. 302–310, 341–347.

In *McLanahan* v. *Universal Ins. Co.* 1 Pet. 170, 183, Mr. Justice Story, speaking for the supreme court, stated the proposition referred to in the following language:

"It is to be considered that these points do not come before this court upon a motion for a new trial after verdict, addressing itself to the sound discretion of the court. In such cases the whole evidence is examined with minute care, and the inferences which a jury might properly draw from it are adopted by the court itself. If, therefore, upon the whole case, justice has been done between the parties, and the verdict is substantially right, no new trial will be granted, although there may have been some mistakes committed at the trial. The reason is that the application is not a matter of absolute right in the party, but rests in the judgment of the court, and is to be granted only when it is in furtherance of substantial justice. The case is far different upon a writ of error, bringing the proceedings at the trial by a bill of exceptions to the cognizance of the appellate court. The directions of the court must then stand or fall, upon their own intrinsic propriety, as matters of law."

If we are asked why there is greater discretion in the trial court than in a court of error in this particular, the obvious answer is that the former is more fully possessed of the case, has opportunities of observing the witnesses, their demeanor upon the stand, and the hundred other minor incidents of a jury trial which may tend to satisfy it of the justice or injustice of the verdict. A court of error, revising its rulings, sees nothing in the case beyond the bald statements in the bill of exceptions, and is bound to pass upon the questions involved as abstract propositions of law.

The case under consideration was fairly tried. The requests of the

defendants were all given in substantially the language in which they were couched, except one, which would have required the withdrawal of the case from the jury. I have no criticism to make upon the verdict, and no reason to suppose a different result would be reached upon a second trial.

The motion must be denied.