## UNITED STATES *v.* JONES.

*(District Court, D. South Carolina.* October, 1887.)

1. WITNESS—COMPETENCY OF WIFE.
   In the courts of the United States a wife is not a competent witness for or against her husband in a criminal case; and this is on the score of public policy.[1]
2. NEW TRIAL—EXCLUSION OF TESTIMONY.
   When, on a motion for a new trial, it appears that the judge erred in admitting incompetent testimony, the verdict will not be disturbed if, upon careful examination, the court is satisfied that the testimony was immaterial, or manifestly could not have affected the verdict.
3. ERROR, WRIT OF—EXCLUSION OF TESTIMONY.
   In this respect the rule differs in a hearing upon writ of error from the hearing on a motion for a new trial.
4. NEW TRIAL—REFUSAL.
   The judge, refusing the motion, should come to his conclusion without a reasonable doubt.

*(Syllabus by the Court.)*

Motion for a New Trial.

*H. A. De Saussure*, Asst. U. S. Atty., for the United States.

*W. Moultrie Gourdin*, for defendant.

SIMONTON, J. The defendant was indicted for presenting a false claim against the United States, and for sustaining his claim with a false affidavit. Rev. St. § 5438. He claimed to be the brother and sole heir of John Jones, a deceased soldier in the regular army, and as such entitled to all back pay, etc., due the soldier. In the testimony in chief,

[1] See note at end of case.

Clara Jones, the wife of the defendant, was called by the government as a witness. The defendant objected. She was sworn, but was instructed by the court that she could not be compelled to answer any question, and that she would not be permitted to disclose any confidential communication made to her by her husband. She was asked if she ever heard her husband speak of a brother by the name of John Jones. She answered that she had often heard him speak of his brother Johnnie; many times before he had heard of the death of the soldier John Jones. This was all her testimony.

The charge to the jury presented three questions for their consideration: (1) Was the defendant the brother of the deceased soldier? (2) Did the defendant believe that the dead soldier was his brother? (3) Did he attempt to establish his claim by affidavits of persons who swore to the relationship, he knowing that they knew nothing of it? The jury found him guilty. This is a motion for a new trial upon the ground that the judge erred in permitting the wife of the defendant to be called as a witness by the government and to testify.

There can be no doubt that at common law a wife is not a competent witness for or against her husband. And this is so, not on account of interest, but on the ground of public policy. 1 Greenl. Ev. § 334; *Stein* v. *Bowman*, 13 Pet. 221; *Lucas* v. *Brooks*, 18 Wall. 452.

There exists no statute of the United States removing this disability. No act of the state of South Carolina has changed the common law on this subject. *State* v. *Workman*, 15 S. C. 545. And, although the rule has been put upon the ground that confidential communications between husband and wife should not be disclosed, it has been applied to a case in which it was sought to prove an *alibi* by the wife. *State* v. *Dodson*, 16 S. C. 453. In actions for divorce, and for violence to her person, the wife has been permitted to testify. *U. S.* v. *Smallwood*, 5 Cranch, C. C. 35. These are exceptions. It was error, therefore, to permit her to be called and to testify. But this being a motion for a new trial in the court, and before the judge who tried the defendant, it must be made to appear that the verdict of the jury was influenced by, or that the defendant was prejudiced by, the testimony erroneously admitted.

A motion for a new trial heard here is not like a hearing on writ of error before an appellate tribunal. There the rulings of the court must stand or fall by their correctness, or otherwise, as matters of law. Here the application is not a matter of absolute right. It rests in the discretion of the court. It is to be granted when a new trial would be in furtherance of justice. If, upon careful examination of the case, it appears that justice has been done, and that the verdict is substantially right; that the evidence improperly admitted could not have influenced the verdict,—a new trial will not be granted because of that error. Such is the rule in civil cases. *McLanahan* v. *Insurance Co.*, 1 Pet. 170; *Rowe* v. *Matthews*, 18 Fed. Rep. 132; *Mining Co.* v. *Mining Co.*, 11 Fed. Rep. 125; 1 Grah. & W. New Trials, 302, note, 341, note. In criminal cases, perhaps, in examining the case, the judge should come to his conclusion without a reasonable doubt. In the case at bar, although the

wife was called by the government, her testimony was wholly in favor of her husband. She sustained his position that he really had a brother bearing the same name as the dead soldier. Thus she gave ground for his belief, and explained and excused his claim. Her testimony could not have injured her husband. It did not affect the verdict, as this was in despite of it.

The motion for a new **trial is** refused.

## NOTE.

Neither the removal of the disability of interest, nor allowing the defendant in a criminal action to testify in his own behalf, renders the wife of such defendant a competent witness. The rule excluding her testimony where her husband is a party rests solely upon public policy. U. S. v. Crow Dog, (Dak.) 14 N. W. Rep. 437. The common-law rule disabling the husband and wife from being witnesses for or against each other has been changed in *Iowa* so far as to permit them to testify for each other in all cases, civil and criminal, and to testify against each other in a civil proceeding by one against the other. Parcell v. McReynolds, 33 N. W. Rep. 139. In *Pennsylvania,* the statute only disables the husband and wife from giving evidence against each other. Pleasonton v. Nutt, 8 Atl. Rep. 63. In *Michigan,* the husband cannot give testimony for or against the wife without her consent, nor the wife for or against the husband without his consent, except when the title to the separate property of either is in litigation between them, when the statute permits either to testify to facts which lie at the foundation of the ownership of the property. Hunt v. Eaton, 21 N. W. Rep. 429. In *Minnesota,* neither husband nor wife can give testimony for or against the other without the other's consent, except in the case of a civil action maintained by one against the other. Huot v. Wise, 6 N. W. Rep. 425. The same statute has been enacted in *Utah.* U. S. v. Bassett, 13 Pac Rep. 237. In *Florida,* the common-law rule has been modified to the extent of permitting the wife to testify where her husband is a party; but the same right is not accorded to the husband where the wife is a party. Schnabel v. Betts, 1 South. Rep. 692. In *Vermont,* the wife has been rendered a competent witness in a number of cases, but the disqualification of the husband exists as at common law, except in divorce cases. Witters v. Sowles, 28 Fed. Rep. 121. In *Illinois,* the husband and wife are rendered competent witnesses for or against each other in particular instances, among which are suits for divorce; or where the litigation is concerning the separate property of the wife; or actions upon policies of insurance, so far as relates to the value and amount of the property injured or destroyed; or actions against carriers, so far as relates to the loss of property, or the value and amount thereof. Treleaven v. Dixon, 9 N. E. Rep. 189. In *Wisconsin,* the common-law disability of the husband and wife as witnesses is not changed, even where the separate property of the wife is involved, unless they are parties to the suit. Carney v. Gleissner, 17 N. W. Rep. 398. The disability of the husband or wife to disclose communications made by one to the other continues after the death of one of them, Bradford v. Vinton, (Mich.) 26 N. W. Rep. 401; or after a divorce has been obtained, Brock v. Brock, (Pa.) 9 Atl. Rep. 486. But at common law, as well as under the different statutes, the incompetency of the husband or wife as witnesses does not extend to criminal prosecutions for a crime committed by one against the other, People v. Sebring, (Mich.) 33 N. W. Rep. 808; and the bigamy of the husband is held to be such a crime against the wife as will enable her to testify against him in a prosecution therefor, State v. Sloan, (Iowa,) 7 N. W. Rep. 516; U. S. v. Bassett, (Utah,) 13 Pac. Rep. 237. Where competent to testify, as in the case of an offense committed by one against the other, they are compellable. Bramlette v. State, (Tex.) 2 S. W. Rep. 765.