## LUPIPPARU v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. May 11, 1925.)

No. 4441.

Conspiracy ⬤⟶32—Scheme to obtain money by threats held scheme and artifice to defraud.

Scheme to compel payment of money, by writing letters pretending that writers would kill and murder addressee unless he deposited at a designated time and place a sum of money, is scheme or artifice to defraud within Criminal Code, § 215 (Comp. St. § 10385), and hence conspiracy to devise such scheme is indictable.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, District Judge.

Johnnie Lupipparu was convicted of conspiracy to devise a scheme and artifice to defraud, and he brings error. Affirmed.

Clay A. Pedrazzini and Ralph B. McAbee, both of San Francisco, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The indictment in this case charges a conspiracy to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises. The scheme and artifice was that the defendants would write and send, through the post office establishment of the United States, certain letters to one Frank Lauricella, wherein they would pretend that they intended to and would kill and murder the said Lauricella, unless he would take and deposit at a designated time and place the sum of $2,000 in lawful money of the United States for the use and benefit of the defendants. The indictment then charged as overt acts the mailing of several letters to effect the object of the conspiracy. The present writ of error was sued out to review a judgment of conviction, and the sufficiency of the indictment to sustain the judgment is the only question presented for our consideration. In Horman v. United States, 116 F. 350, 53 C. C. A. 570, the Circuit Court of Appeals for the Sixth Circuit held that a plan to extort money from another by means of threatening letters was a scheme or artifice to defraud within the meaning of section 5480 of the Revised Statutes, as amended by the Act of March 2, 1889 (25 Stat. 873 [Comp. St. § 10385]). A contrary conclusion was reached by the Circuit Court of Appeals for the Seventh Circuit in the recent case of Naponiello v. United States, 291 F. 1008. The indictment in the latter case was returned under section 215 of the Criminal Code (Comp. St. § 10385). The opinion in the Horman Case was delivered by Judge Day and concurred in by Judge Lurton. Certiorari was denied by the Supreme Court. Horman v. United States, 187 U. S. 641, 23 S. Ct. 841, 47 L. Ed. 345. No attempt was made to secure a review of the latter decision, so far as we can ascertain. What effect should be given to the denial of a writ of certiorari by the Supreme Court we are not prepared to say, but it would seem that if the Circuit Court of Appeals misconstrued a federal statute and affirmed the conviction of a person innocent of crime, the Supreme Court would undoubtedly review its decision. Furthermore, we are of opinion that a scheme such as is set forth in the indictment here contains all the essential elements of a scheme or artifice to defraud.

The judgment of the court below is affirmed.

*Rehearing denied June 15, 1925.