## FASULO v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. September 14, 1925. Rehearing Denied October 19, 1925.)

### No. 4517.

**1. Criminal law ⊜═901—Motion for directed verdict waived by subsequent introduction of evidence.**

Objection to the sufficiency of the evidence is waived by a defendant, where, after overruling his motion for directed verdict at the close of the government's case, he introduces evidence, and fails to later renew the motion.

**2. Criminal law ⊜═338(3)—Evidence held properly excluded as immaterial.**

Where a letter was introduced for the sole purpose of comparison of handwriting, evidence as to the cause of writing the letter was immaterial.

**3. Witnesses ⊜═52(7)—Wife of defendant not competent witness for him.**

The wife of a defendant is not a competent witness in his behalf.

**4. Criminal law ⊜═345—Evidence of possession of weapons held admissible in relation to threats connected with the crime charged.**

In a prosecution for conspiracy to use the mails to defraud by sending letters threatening to murder the addressee unless he deposited a sum of money as directed, evidence that a defendant, when arrested, had in his possession weapons which might be used to carry out the threats, *held* admissible.

**5. Criminal law ⊜═841—Exceptions to instructions given or refused must be taken before retirement of jury.**

In the federal courts, in order to reserve exceptions to instructions given or to requests refused, exception must be taken after the charge and while the jury is at the bar.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Criminal prosecution by the United States against Cologero Fasulo. Judgment of conviction, and defendant brings error. Affirmed.

O'Gara & De Martini, of San Francisco, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

HUNT, Circuit Judge. Fasulo and Lupipparu were convicted of a conspiracy to devise a scheme or artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, repre-

sentations, and promises, and using the mails for the purpose of executing the scheme. Sections 37 and 215, P. C. (Comp. St. §§ 10201, 10385).

The charge is described in Lupipparu v. United States (C. C. A.) 5 Fed. (2d) 504, wherein the indictment was considered and sustained as containing all the essential elements of a scheme or artifice to defraud.

[1] Upon the trial, after the government rested its case on direct evidence counsel for the defendant moved for a dismissal, conceding that the proof showed a scheme to extort money by means of threatening letters, but contending that it failed to show a scheme to defraud within the statute above cited. The motion was denied, and defendant testified in his own behalf and introduced other witnesses, but at the close of all the evidence failed to renew his motion for a directed verdict. He therefore waived the question of the sufficiency of the evidence. Paine v. United States (C. C. A.) 7 F.(2d) 263, Aug. 3, 1925.

But, in order that no possible injustice may be done, we have examined the evidence, and find that it is ample to support the allegations of the indictment. We therefore turn to the other questions presented.

[2] For the expressed purpose of comparison of handwriting only, the government put in evidence a letter, an exemplar of the handwriting of Fasulo. Counsel for the defendant asked a witness what, if anything, Fasulo said to her about writing the letter, which was addressed to the son-in-law of the witness. Objection to the question was sustained. As the letter was introduced solely for the purpose of comparing the handwriting with the writing in the letters in evidence, explanations of the causes for writing the letter were immaterial.

[3] Error is assigned upon a ruling sustaining an objection to a question put to the wife of defendant, Fasulo, inquiring whether or not a document handed to her was in the handwriting of her husband. By the authority of Jin Fuey Moy v. United States, 254 U. S. 189, 41 S. Ct. 98, 65 L. Ed. 214, defendant's wife was not a competent witness. "The rule that excludes a wife from testifying for her husband is based upon her interest in the event, and applies irrespective of the kind of testimony she might give."

[4] One of the overt acts charged was that two of the defendants, Moncivi and Chiodo, to effect the object of the conspiracy, blew up a garage in the rear of the

home of Lauricella. There was evidence tending to support the charge, and also that, shortly after the blowing up of the premises, some dynamite and a rifle and other weapons were found at Moncivi's house at the time of his arrest. To the introduction of the rifle and other weapons, defendant's objection was overruled and exception saved. Mrs. Lauricella, wife of Lauricella, to whom the threatening letters were sent, testified that she saw the defendants Moncivi and Chiodo running away from the garage at the time of the explosion. We think it was competent to show that one of the conspirators, when arrested, had in his possession or control weapons wherewith to carry out the threats that had been made in the letters.

[5] Defendant assigns error upon several instructions given and upon refusal to give certain requests for instructions. As to those given, there was no exception taken after the court charged the jury and before they retired. Before argument, counsel for the defendant asked if it might be stipulated that the defendant have an exception to each and every instruction presented and refused or modified, or to be given, "just as fully as when the instructions have been completed and read to the jury we shall have taken such exception and called them to your Honor's attention." The judge replied that he had no objection, "but, if any instruction is unsatisfactory, the court's attention should be called to it so that any error may be corrected, and any such stipulation would defeat that purpose," and added that he thought the instructions were fair and practically embodied the substance of defendant's requests. Thereupon counsel for defendant said he understood that the assistant district attorney, who was prosecuting the case, was willing that the stipulation be made; whereupon the court said, "Very well, that may be done for each and all of the defendants," and thereupon proceeded to instruct the jury. When the court concluded its charge, the judge inquired if there were any subject upon which counsel would like to have the jury instructed. No reply was made, and the jury was directed to retire.

It is well established that, in order to preserve an exception to an instruction given, counsel should call the court's attention to the specific matter while the jury is at the bar. The court therefore was right when it said the stipulation made would defeat the correcting of possible errors in the

instructions about to be given, but was in error in varying its ruling by apparently giving recognition to the stipulation. However when, after the charge was delivered, the judge asked counsel if they desired instructions upon any pertinent matter, counsel remained silent, they waived objections and exceptions to the instructions given. Chief Justice Taft, for the Court of Appeals in the recent case of Brevard Tannin Co. v. Mosser Co. (C. C. A.) 288 F. 725, cited many decisions, including several by this court, and said: "The proper manner of reserving exceptions is part of the procedure in error in federal courts of review, and is not controlled by the conformity provision of the Revised Statutes. St. Clair v. United States, 154 U. S. 134, 153, 14 S. Ct. 1002, 38 L. Ed. 936, and cases cited. It has further been held that an exception taken after the jury retired cannot be considered on a writ of error under the federal practice, even if counsel are lulled into not taking exceptions while the jury is at the bar, either by stipulation, by the court's granting permission to them to do so, or by an invariable practice in the trial court, well known and acted upon by counsel."

The same general rule must apply to the procedure in relation to taking of exceptions to the refusal to give instructions requested. Exceptions must be taken after the charge and while the jury is at the bar.

The record presents no ground for reversal.

Affirmed.