## LIBERATO v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 21, 1926.)

No. 4653.

1. **Criminal law** ⬅️730(7)—Improper remarks of counsel as to service in war by witness held cured by instruction to disregard.

Any harmful effect of statements outside the record, made by counsel in argument, that witness had served in the war and been wounded, *held* cured by instruction to the jury to disregard them.

2. **Witnesses** ⬅️268(1)—Exclusion of question on cross-examination as to name of one said to have been present when admission was made held not prejudicial.

Refusal, on objection by prosecution, to require witness, on cross-examination, to disclose name of one who, he testified, was present when admission was made by defendant, and whom defendant asserted he desired to subpoena, *held* not prejudicial, where no subpoena was requested, no offer of proof was made, no affidavit of testimony expected was filed, and defendant had ample opportunity before trial to try to produce such person.

3. **Witnesses** ⬅️52(7).

Wife of defendant is not competent witness in his behalf.

4. **Conspiracy** ⬅️48.

On trial for conspiracy to manufacture and keep intoxicating liquors for sale, instructions given *held* sufficient.

5. **Conspiracy** ⬅️27—Erection of still, or manufacture or keeping of liquor for sale, by one pursuant to agreement, renders all conspirators guilty of conspiracy.

If a defendant agrees with others to manufacture liquor for sale, in violation of the Prohibition Act, erection of a still, or manufacture or keeping of liquor for sale by one of them, is an overt act, which renders him liable for conspiracy.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Criminal prosecution by the United States against Mike Liberato. Judgment of conviction, and defendant brings error. Affirmed.

Clarence L. Reames and Hermon S. Frye, both of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, HUNT, and RUD-KIN, Circuit Judges.

HUNT, Circuit Judge. Liberato seeks reversal of a judgment of conviction of conspiracy (section 37, Penal Code [Comp. St. § 10201]).

The indictment charges that on or about the 20th of March, 1923, Liberato, together with Gatt, Severi, Cici, and others unknown, combined and conspired to manufacture and possess intoxicating liquors, said possession being intended for the purpose of selling, bartering, and disposing of the liquors, and for the further purpose of maintaining a common nuisance, and that the conspiracy was a continuing one up to the time of presenting the indictment. Overt acts charged are that Liberato, with others charged, on January 31, 1925, at a certain ranch near Seattle, manufactured and possessed a described quantity of liquor, and that from January 1, 1925, to January 31, 1925, at the same place, they conducted and maintained a nuisance by manufacturing, keeping, and selling liquor. The court held the evidence insufficient as against Gatt. Severi and Cici were not on trial.

The evidence of the government was that prohibition agents, under authority of a search warrant, on January 31, 1925, accompanied by an informant, searched the premises described; that when they entered the barn they found two men, codefendants, two stills in operation, about 7,500 gallons of mash, 31 gallons of moonshine, and various other property used in the manufacture of liquor; that Liberato was then in the house, about 100 yards from the barn; that with a prohibition agent he went to the barn, where, in the presence of the agent and two codefendants, he stated that he rented the premises from one Nelson, and that the two codefendants were working for him; that he admitted ownership of the stills. There was testimony that there was no indication that the barn was used for a purpose other than the operation of the stills. A witness testified that some time before the arrest Liberato and Gatt had entered into a contract with her for the purchase of the ranch property; that her understanding was that Gatt loaned Liberato the money to make the first payment, Liberato to make subsequent payments to Gatt, who has made them to her. She testified that up to the time of the sale the place had been used as a dairy ranch; that when the contract was made Gatt and Liberato told her Liberato wanted the place for a garden.

Liberato in his own behalf testified that he bought the premises for $6,400; that he borrowed sufficient money from Gatt to make the first payment; that the arrangement was that Liberato would furnish the money, and Gatt would pay the vendor; that he was away from the place from December 24, 1924, to January 25, 1925, during which time Severi, a codefendant, was there under an agreement that he (Severi) could have what he could raise on the place; that when he returned he found the two defendants who were present when the barn was searched; that he never saw the stills until the day of the search. He denied that he had admitted ownership of the stills, or that he knew of their being in the barn, and testified that he had known Severi only 10 days prior to the arrangement he made with him for the use of the place. We will consider the principal assignments in the order in which they are discussed in the brief of the plaintiff in error.

[1] In his argument to the jury, counsel for defendant adverted to the fact that a witness for the government had testified that Liberato, in the presence of a prohibition agent, admitted ownership of the stills, and that certain codefendants were working for him in their operation, and pointed out that such testimony had not been supported by the agent, who had been referred to by the witness, although such agent was present at the time of the alleged admissions. The district attorney, in his closing argument, referring to the argument of counsel for defendant, stated that the witness whose testimony had been assailed by counsel had served in the late war and had been wounded in the defense of his country. Counsel for defendant objected to such references as not supported by the record. The court directed the argument to proceed. Counsel for defendant excepted. The court allowed the exception, and told the jury to disregard that part of the argument of the district attorney as without support in the evidence. We think the admonition cured any possible error.

[2] On direct examination a prohibition agent testified that, when he found the two stills in operation, Liberato, in the presence of himself and two codefendants, made certain statements to the effect that the codefendants were working for him. On cross-examination, witness said that an informant was also present at the time the statements were made by Liberato. Counsel for defendant asked who the informant was. The court sustained an objection by counsel

for the government. Counsel for defendant then asked if he was in court. The answer was, "No." Counsel for defendant said he was entitled to know who the man was, whereupon there was objection, upon the ground that the prosecution did not wish to disclose his identity. Counsel for defendant said he wanted to subpœna the informant. The court referred counsel to the rule as to an affidavit being filed. Counsel for defendant then said: "Until that is done, are you denying our request?" The court said, "Yes," whereupon exception was allowed. No affidavit as to what defendant expected to prove by the witness was filed before or at the trial, no offer of proof was made, no subpœna was requested, and, as defendant's evidence was that he went to the barn and there saw and conversed with the prohibition agents, he must have seen the person described as an informant, and in preparing for trial, which did not take place until May, 1925, had ample opportunity to try to find the witness and produce him in his defense. Under the circumstances we do not think the defendant was prejudiced by not requiring the witness to disclose the name of the informant.

[3] There was no error in the ruling that the wife of defendant was not a competent witness for her husband. Jin Fuey Moy v. United States, 254 U. S. 189, 41 S. Ct. 98, 65 L. Ed. 214.

Error is assigned upon the refusal of the court to instruct the jury that defendants were not charged with the manufacture and possession of distilled liquor, or with maintaining a nuisance, but with having conspired to violate the Prohibition Act, and with having done certain acts in furtherance of the alleged conspiracy, and that, if it was found that Liberato did manufacture and possess liquor, and did maintain a nuisance, it was their duty to acquit, unless the evidence showed that prior to the date of the alleged acts he conspired and agreed to do the unlawful things charged. Further requests refused were to the effect that, if Liberato knew or should have known that his codefendants were upon the property owned by him, and were manufacturing and possessing liquor, and were maintaining a nuisance on the property, still he should be acquitted, unless it was proved that he conspired with his codefendants to commit the offenses charged, and unless one or more of

the alleged conspirators committed one or more of the overt acts charged; that mere knowledge upon the part of Liberato that a crime was being committed on his premises would not be sufficient to convict him under the indictment; that the conspiracy must be proved beyond a reasonable doubt, independent of evidence proving the alleged overt acts; that the several overt acts charged were not allegations of any distinct facts that are "in law susceptible of being overt acts for the carrying into effect a conspiracy, such as is charged in the indictment"; and that, if it were found that Liberato entered into the conspiracy charged, but that the only overt acts committed by any of the defendants were those described, then Liberato must be acquitted.

[4] In the instructions given the court accurately stated what the charge was and what overt acts were alleged. Conspiracy was correctly defined, and the court stated that, if Liberato himself manufactured the liquor and possessed it, and maintained the place as one for the keeping and manufacture and sale of liquor by himself alone, he would not be guilty of conspiracy; that there must be found a combination or agreement with others to manufacture or possess, or maintain a nuisance; and that, to effect the object of the conspiracy, some one or more of the overt acts charged must be proved. It was also explained that, under the evidence, there was no serious dispute as to the fact that, if two men were running the stills, they were guilty of conspiracy, but that the real question was whether Liberato had anything to do with the stills and knew about them. The points covered by the charge were sufficient to give the jury a clear and ample understanding of the material issues.

[5] The requests that the overt acts charged, if done, were not sufficient to execute the conspiracy alleged, if proved, did not correctly state the law. If a man agrees with others to violate the prohibition law, by manufacturing or keeping liquor for sale, and to carry out such agreement one of them erects a still, or manufactures or keeps liquor for sale, he is guilty of a conspiracy.

Other errors assigned are of less importance. Upon examination of the whole record, we find no ground for disturbing the judgment.

Affirmed.