### UNITED STATES v. ZALEWSKI.
### No. 20456.

District Court, W. D. Kentucky.
Oct. 24, 1939.

Eli H. Brown, III, U. S. Dist. Atty., of Louisville, Ky.

A. Scott Hamilton, of Louisville, Ky., for defendant.

MILLER, District Judge.

The indictment charges the defendant Zalewski with using the mails to promote frauds, in violation of 18 U.S.C.A. § 338. The defendant has demurred to the indictment.

The indictment alleges in substance that the defendant purchased negotiable promissory notes from Lee Davis in Kansas City, Missouri, which were payable to Davis; that the defendant operating as International Creditors Collection Association collected from the makers the full amount of principal and interest, but did not surrender the notes to the makers after they had been so paid; that thereafter the defendant operating in Louisville, Kentucky, as Globe Finance Discount Company falsely represented to the makers, and to the employers of the makers, that the notes had not been paid, made demand by letter for payment of the notes and falsely represented that legal action could and would be instituted against the makers by the defendant in Louisville, and that their salaries would be garnisheed if the notes were not paid. In support of the demurrer defendant contends: (1) That the scheme was essentially one to coerce or to extort money from a person by force or fear which is not within the purview of the statute making it a crime to use the mails to defraud; (2) That if it should be construed as a scheme to defraud rather than a scheme to extort money by force or threats, it was not one reasonably calculated to deceive the intended victims and accordingly does not come within the terms of the statute.

If the acts alleged are construed as an attempt on the part of the defendant to extort money by force or threats, and nothing more, defendant's first contention is well taken. In Naponiello v. United States, 291 F. 1008, the Court of Appeals of the 7th Circuit held that the use of the mail by defendant in an effort to extort money by means of threats of bodily harm was not a use of the mails to promote a scheme to defraud. This ruling was apparently in conflict with a previous ruling of the Court of Appeals of the 6th Circuit in Horman v. United States, 116 F. 350, and is likewise in conflict with the ruling of the Court of Appeals of the 9th Circuit in Lupipparu v. United States, 5 F.2d 504. However, in the case of Fasulo v. United States, 7 F.2d 961, the Court of Appeals for the 9th Circuit followed the decisions in the Horman case and the Lupipparu case, and was later reversed by the Supreme Court of the United States after certiorari had been granted. Fasulo v. United States, 272 U.S. 620, 47 S.Ct. 200, 202, 71 L.Ed. 443. The Supreme Court stated in its opinion "the purpose of the conspirators was to compel action in accordance with their demand. The attempt was by intimidation and not by anything in the nature of deceit or fraud as known to the law or as generally understood. The words of the act suggest no intention to include the obtaining of money by threats." This ruling has been subsequently followed by the Court of Appeals for the 9th Circuit in Norton v. United States, 92 F.2d 753.

However, the scheme is essentially one to defraud rather than one to extort money by force or threats. The indictment alleges false representations on the part of the defendant, not extortion or coercion. It is not necessary that a scheme to defraud be successfully carried out, or that it even be reasonably calculated to deceive. The intent to defraud is the essential element of the offense, and there can be an intent to defraud even though the scheme is not successful, and even though the person against whom it is directed may know that the facts represented to him are not as they actually exist. The defendant's second contention is

not supported by the authorities. Hill v. United States, 5 Cir., 73 F.2d 223; Tucker v. United States, 6 Cir., 224 F. 833, certiorari denied 241 U.S. 668, 36 S.Ct. 552, 60 L. Ed. 1229; Grant v. United States, 6 Cir., 268 F. 443, certiorari denied 256 U.S. 700, 41 S.Ct. 538, 65 L.Ed. 1178; O'Hara v. United States, 6 Cir., 129 F. 551; Sandals v. United States, 6 Cir., 213 F. 569; Kaufmann v. United States, 3 Cir., 282 F. 776, certiorari denied 260 U.S. 735, 43 S.Ct. 96, 67 L.Ed. 488; Hass v. United States, 8 Cir., 93 F.2d 427; Muench v. United States, 8 Cir., 96 F.2d 332.

The demurrer to the indictment is overruled.