**UNITED STATES v. KAADT.**

No. 850.

District Court, N. D. Indiana, Fort Wayne Division.

Feb. 24, 1940.

James R. Fleming, U. S. Atty., and Alex M. Campbell, Asst. U. S. Atty., both of Fort Wayne, Ind., and Luther M. Swygert, Asst. U. S. Atty., of Hammond, Ind., for the Government.

Colerick & Corbett, of Fort Wayne, Ind., and Floyd O. Jellison, of South Bend, Ind., for defendant.

SLICK, District Judge.

The indictment charges the same offense in six different counts. Defendant is charged with devising a scheme to defraud. The scheme which he is charged with devising is a treatment for diabetics. He is further charged with using the mails to further such scheme to defraud.

The fifth count charges the mailing of a letter addressed to Roy Wynn, 856 Vance Street, Toledo, Ohio. The sixth count charges the mailing of a letter in furtherance of the same scheme to defraud to Raymond Wynn of 856 Vance Street, Toledo, Ohio. It is established and agreed by the parties that Roy Wynn mentioned in the fifth count and Raymond Wynn mentioned in the sixth count are the same identical person. The jury found defendant not guilty on the fifth count and guilty on the 6th count.

In Dunn v. United States, 284 U.S. 390 at page 406, 52 S.Ct. 189, 195, 76 L.Ed. 356, 80 A.L.R. 161, Mr. Justice Butler said: "I

am of opinion that the authorities establish as well settled, (1) that when, upon an indictment charging the same offense in different counts, the jury acquits as to one and convicts on the other defendant is entitled to a new trial."

The case was most excellently presented by the District Attorney's office, and as ably defended by counsel for defendant. Counsel, both for the Government and the defendant conducted the trial on a high plane and neither side indulged in any unseemly conduct.

Nevertheless, this case has given the court deep concern. Since the return of the jury's verdict, I have reviewed my notes taken at the trial. The Government introduced twenty-eight doctors who expressed opinions attacking the efficacy of defendant's alleged remedy. Thirty-four lay witnesses testified that they had used the remedy without effect. When the Government rested it had made out, what appeared to the court to be, a prima-facie case. The defendant introduced sixty-four lay witnesses who were as positive in their statements of the value of defendant's treatment as the lay witnesses for the Government were opposed to such value. In addition to this, four doctors, including the defendant, testified concerning the value of this treatment.

 It is hard to conceive that the defendant devised a scheme to defraud and had the intent to defraud in the face of these witnesses who honestly believe in the efficacy of the treatment. It is the duty of the court to weigh the evidence and determine whether or not there is a reasonable doubt as to the defendant's guilt.

In Rees et al. v. United States, 95 F.2d 784 at page 790, the Circuit Court of Appeals for the Fourth Circuit used the following language: "It cannot be conceived how a trial by a jury, presided over by a judge, could possibly be prejudicial to an accused. It is not only the province but the duty of the judge to pass upon the verdict of the jury and the sufficiency of the evidence to support the verdict. Under these fundamental and elementary principles, invariably governing the administration of criminal law in our courts, the accused, when tried by a jury, has every advantage he could possibly have in a trial before a judge alone. In effect he has a trial by the judge in addition to the trial by the jury."

In Applebaum v. United States, 274 F. 43, 46, the Circuit Court of Appeals for the Seventh Circuit, the late Francis E. Baker, Judge, used the following language: "If a defendant asks that a verdict be set aside because it is not supported by the required weight of evidence, his motion is addressed to the discretion of the trial judge. In order properly to exercise that discretion it is manifest that the trial judge, as well as the jurors, should attentively consider and weigh the evidence as it is being introduced, because in that respect he is sitting as the thirteenth juror. It is the exclusive and unassignable function of the trial judge to grant or refuse a new trial in cases of conflicting evidence."

In United States v. Jones, D.C., 32 F. 569, 570, a District Judge in South Carolina, used the following language: "A motion for a new trial heard here is not like a hearing on writ of error before an appellate tribunal. There the rulings of the court must stand or fall by their correctness, or otherwise, as matters of law. Here the application is not a matter of absolute right. It rests in the discretion of the court. It is to be granted when a new trial would be in furtherance of justice. If, upon careful examination of the case, it appears that justice has been done, and that the verdict is substantially right; that the evidence improperly admitted could not have influenced the verdict,—a new trial will not be granted because of that error. Such is the rule in civil cases. McLanahan v. Insurance Co., 1 Pet. 170 [7 L.Ed. 98]; Rowe v. Matthews [C.C.], 18 F. 132; Mining Co. v. Mining Co. [C.C.], 11 F. 125; 1 Grah. & W. New Trials, 302, note, 341, note. In criminal cases, perhaps, in examining the case, the judge should come to his conclusion without a reasonable doubt."

From these eminent authorities I conceive it to be my duty to grant a new trial unless I am satisfied beyond a reasonable doubt that the verdict is justified under the evidence. I am unable to say that I am convinced beyond a reasonable doubt that the defendant devised and intended to devise a scheme to defraud. That he used the mail there is no question, and in five counts out of six where it was admitted the mail was used, the jury found this defendant not guilty. In the sixth count they returned a verdict of guilty with a recommendation for leniency. I strongly feel that the jury should not blow both hot and cold in passing upon the rights of a defendant in a criminal indictment, and for this reason, reluctant though I am to cause

the parties the expense and worry of a re-trial, I feel in duty bound to grant defendant's motion for a new trial on the sixth count of the indictment.

The motion is therefore sustained, and the defendant is granted a new trial as to the sixth count.