## BRUNNER v. UNITED STATES.
### No. 10596.

Circuit Court of Appeals, Sixth Circuit.

June 1, 1948.

Ed. P. Jackson, Jr., of Louisville, Ky. (Ed. P. Jackson, Jr., of Louisville, Ky., on the brief; Wyatt & Grafton, of Louisville, Ky., of counsel), for appellant.

Ben T. Cooper, of Louisville, Ky. (David C. Walls, Hobson L. James, Jr., and Ben T. Cooper, all of Louisville, Ky., on the brief), for appellee.

Before HICKS, SIMONS and MARTIN, Circuit Judges.

HICKS, Circuit Judge.

Appellant, Roy Lee Brunner, was convicted upon an indictment containing two counts. The first count charged that on the 10th day of December 1946 he, by fraud and

deception, obtained from one Nelson, a letter carrier of the Postoffice at Louisville, Ky., a registered letter addressed to Mrs. Jesse H. Pence, 2622 Slevin St., Louisville. The second count charged that he abstracted and removed $40.00 in currency from the letter. A motion for a new trial was overruled and appellant was sentenced to imprisonment for a period of three years on each count, the sentences to run concurrently. This appeal followed.

The mail carrier, Nelson, a witness for the Government, testified that on December 10, 1946, he had a registered letter for delivery to Mrs. Pence at 2622 Slevin Street, that he knocked on the front door, that there was no response and he went to the back door; that while he was knocking on the back door a man whom he afterwards identified as appellant, said to him, "For whom are you looking?"; that he replied, "I have got a registered letter here for Mrs. Pence"; appellant said, "She isn't at home, her sister is in the house. I will have her come out and talk to you." A lady, wife of appellant, came from the house next door, 2620 Slevin, and signed a receipt for the letter and took it. Nelson identified the receipt by its number, and testified that he did not give the letter to appellant.

Mrs. Brunner was called as a witness for the Government. Appellant objected to her testimony upon the ground that she was not a competent witness against her husband. After a hearing in Chambers the objection was overruled. Just what took place in Chambers does not appear.

Mrs. Brunner testified that she was the wife of appellant and was willing to testify; that she was at home at 2620 Slevin on December 10, 1946, and remembered the occasion when Nelson brought a registered letter to 2622 for Mrs. Pence; that she was in her kitchen cooking supper when she saw the carrier in Mrs. Pence's yard; that appellant was at home and was in the back yard getting coal; that appellant after talking to the carrier came into the house and told her that the mail man was out there and to tell him that she was Mrs. Pence's sister; that she was not Mrs. Pence's sister but she did what appellant told her and brought the letter into the house and put it in her mother's china cabinet; that she went

to her room to give her baby a bath and then heard the china cabinet door open; that "Roy had taken the letter out of the china cabinet and opened it up. He went out and I think he was gone about half an hour and then came back. He asked Daddy the day before that to go up and get him a loan and Daddy said he had too much to pay on. So he went out and came back. That night I told Roy that I was going to tell Mother and Daddy about the letter and he said, 'If you do I will kill you.' So I didn't tell Mother and Daddy about the letter until I got a chance to tell Mother." It was stipulated that the sender of the letter, if present, would testify that there was $40.00 in currency enclosed in the registered letter entrusted to Nelson for delivery to Mrs. Pence.

A motion for peremptory instructions in favor of appellant was overruled.

Appellant testified in his own behalf. He denied any connection with or knowledge of the offense with which he was charged. He stated that during the entire day of December 10th he was at work at the plant of the Hart Manufacturing Company, where he was employed; that he never saw Nelson until he was taken to the police court; that he never saw nor received the letter nor took anything from it. There was testimony tending to support appellant's claim of an alibi. In addition, appellant's mother testified that his wife told her that she opened the letter and that there were four ten dollar bills in it.

From this resume it is apparent that there was no substantial evidence upon which to convict appellant of obtaining the letter by fraud and deception except the testimony of his wife; and further, there was no evidence upon which to convict him of abstracting and removing the currency from the letter except the testimony of his wife.

In 1892 it was held that the competency of witnesses in criminal trials in the courts of the United States was governed by the common law. Logan v. United States, 144 U.S. 263, 303, 12 S.Ct. 617, 36 L.Ed. 429; Hendrix v. United States, 219 U.S. 79, 81, 31 S.Ct. 193, 55 L.Ed. 102. There can be no doubt that at common law a wife is not a competent witness for or against her hus-

band except in cases involving personal injuries to her.

In 1887 an exception to the rule was sanctioned by statute [Title 28, U.S.C.A. § 633] which permitted a wife, with her consent, to testify against her husband in prosecution for bigamy or unlawful cohabitation under any statute of the United States. Congress has not otherwise changed the common law rule.

In a long line of criminal cases in the federal courts it has been held that a wife is not a competent witness *for her husband.* See Hendrix v. United States, supra, 219 U. S. at page 91, 31 S.Ct. 193, 55 L.Ed. 102; Jin Fuey Moy v. United States, 254 U.S. 189, 195, 41 S.Ct. 98, 65 L.Ed. 214; Fasulo v. United States, 9 Cir., 7 F.2d 961; Krashowitz v. United States, 4 Cir., 282 F. 599, 601; Slick v. United States, 7 Cir., 1 F.2d 897, 899; Liberato v. United States, 9 Cir., 13 F.2d 564, 566; Barton v. United States, 4 Cir., 25 F.2d 967. However, in Funk v. United States, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369, 93 A.L.R. 1136, decided in 1933, the Supreme Court held that the wife of a defendant on trial for a criminal offense is a competent witness in his behalf. The court overruled the Hendrix and the Jin Fuey Moy cases, but said:

"The sole inquiry to be made in this case is whether in a federal court the wife of the defendant on trial for a criminal offense is a competent witness in his behalf. *Her competency to testify against him is not involved.*" (Italics ours.)

Out of the Funk case grew Rule 26 of the Federal Rules of Criminal Procedure, 18 U. S.C.A. following section 687, which provides:

"*Rule 26. Evidence.* In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by an act of Congress or by these rules. The admissibility of evidence and the competency and privileges of witnesses shall be governed, except when an act of Congress or these rules otherwise provide, by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."

And the District Court was no doubt controlled by its view of this rule in allowing appellant's wife to testify against him. But in 1893, or forty years before the Funk case, the Supreme Court said in Graves v. United States, 150 U.S. 118, 121, 14 S.Ct. 40, 37 L. Ed. 1021 (a criminal case), that the wife was not a competent witness against her husband. See also United States v. Jones, D.C., 32 F. 569. And in Paul v. United States, 3 Cir., 79 F.2d 561, 563, the court held that it was error to permit the husband to testify *against his wife* and another indicted with her.

In Yoder v. United States, 10 Cir., 80 F. 2d 665, 667, a Mann Act case, the court laid to one side the fact that the charge was for a violation of the Mann Act, 18 U.S.C.A. § 397 et seq., and permitted the wife to testify against her husband upon the ground that the modern trend was to remove altogether her incompetency as a witness. Thus, in the Paul and Yoder cases, supra, we are confronted with conflicting opinions of coordinate courts of equal rank, and while we accord proper deference to both, we may not surrender our own judgment. Our view is that we must accept the opinion of the Supreme Court in the Graves case as a correct interpretation of the law. It may be that "in the light of reason and experience" the Supreme Court will find it desirable to remove the incompetency of a wife as a witness in a criminal case against her husband, but it has not yet done so.

Cases cited by appellee are inapplicable. Our case of Fraser v. United States, 6 Cir., 145 F.2d 139, was a civil case. The cases of United States v. Mitchell, 2 Cir., 137 F. 2d 1006, 1008, and United States v. Williams, D.C., 55 F.Supp. 375, 379, are Mann Act cases in which the extension of the exception to the general rule was permitted. No such exceptional circumstances are present here. The wife suffered no injury, physical or mental.

On the motion for a new trial appellant presented a letter written to him by his wife in which she in substance recanted her testimony. We need not review the action of the court in overruling the motion for a new trial because we think that there was no substantial evidence, which was also

competent, upon which to support the verdict, and that appellant is entitled to have his motion for peremptory instructions sustained.

Our conclusion is that the case should be and is reversed and remanded to the District Court with directions that it be dismissed.