**UNITED STATES of America**

**v.**

**ALLIED STEVEDORING CORPORA-TION, John Ward, John Potter and Michael Bowers, Defendants.**

United States District Court
S. D. New York.

April 15, 1958.

Paul W. Williams, U. S. Atty., for the S. D. of New York, New York City, for the United States. Joseph De Franco,

Asst. U. S. Atty., New York City, of counsel.

Henry A. Lowenberg, New York City, for defendants John Ward and Michael Bowers.

PALMIERI, District Judge.

This motion for a new trial by the defendants Ward and Bowers, presently incarcerated, is a sequel to another similar motion which I denied in an opinion dated March 24, 1958, 162 F.Supp. 874. Near the end of the arguments and hearings, which took place in connection with that motion, counsel for the defendants produced an affidavit, sworn to on March 18, 1958, by Mr. Joseph F. Potter, a brother of the now deceased co-defendant John Potter. It appeared to me that this affidavit was sought to be used as a means of enlarging, without appropriate notice to the Government, the grounds for the motions then before me and which I was on the point of deciding. Since I refused to permit it to be considered as a part of that record, it has now been made the basis for an independent motion for a new trial. The entire affidavit is reproduced as an appendix hereto. The part pertinent to the motion reads as follows:

"On the evening of November 25, 1957, Charles Potter, who is also a brother, told me that he knew two of the Jurors who sat in the within case for some time prior to the time that they had been selected as Jurors to determine the guilt or innocence of the defendants herein. He mentioned the names of Boyle and McLaughlin."

Counsel for the moving defendants has assumed that this affidavit means that two of the jurors who sat in the case knew the now deceased brother of the affiant. On the basis of this assertion, he urges that the jurors were derelict in failing to inform the Court of such knowledge; and argues that the jurors in question possibly "arranged a deal in the jury room to have leniency recommended for the defendant, John Potter"[1] and then voted to convict the moving defendants, presumably in some improper fashion. I am asked to conduct further hearings or, in the alternative, to vacate the judgments of conviction and order a new trial.

The affidavit of Joseph F. Potter is the sole basis for the present motion and I consider it insufficient to warrant the relief sought. At the threshold, it is significant that although the affidavit is made by Joseph F. Potter, it is the other surviving brother, Charles Potter, who is the source of the information. Presumably an affidavit could have been obtained from Charles Potter but none has been submitted. Apart from this, and assuming arguendo the truth of what is stated as bare hearsay in the affidavit of Joseph F. Potter, the result would be the same. The statement attributed to Mr. Charles Potter means only that he knew jurors Boyle and McLaughlin prior to their selection for the jury which sat in the case. There was no assertion in any part of the affidavit to the effect that the jurors in question knew the co-defendant, John Potter, or Charles Potter, or that, if they did know Charles, they were aware of his relationship to John. What it comes down to is this: assuming a co-defendant's brother knew two jurors, and without any evidence whatever that these jurors knew the co-defendant or the relationship between the co-defendant and the brother, can this fact, standing alone, justify a new trial or compel me to conduct a hearing? I think not and I know of no authority which would justify such action. The moving defendants, moreover, have cited no authorities which would warrant the action that they would have me take.

Totally apart from what I have said above, the presently incarcerated defendants, Bowers and Ward, in whose behalf the present motion is made, are not alleged to have been known by either juror in question. It is sheer speculation and

---

1. The verdict with respect to Potter was accompanied by a recommendation of lenity.

conjecture to say, as the moving defendants urge, that the undisclosed knowledge of the deceased co-defendant's brother, standing alone, is sufficient to taint the integrity of the trial as to them.

The motion is denied. So ordered.

Joseph F. Potter, being duly sworn, deposes and says:

That I am the brother of John Potter who was one of the defendants in the within case and who had been found guilty with a recommendation of mercy by the Jury. My brother, John Potter, who was one of the defendants in the within case, died on or about November 23, 1957, and the Wake was held until November 26, 1957.

On the evening of November 25, 1957, Charles Potter, who is also a brother, told me that he knew two of the Jurors who sat in the within case for some time prior to the time that they had been selected as Jurors to determine the guilt or innocence of the defendants herein. He mentioned the names of Boyle and McLaughlin.

I never mentioned this to anyone for the reason that my brother, John Potter, had died.

However, two weeks ago I met John Bowers, the son of Michael Bowers, one of the defendants herein, and I told him what Charles Potter had told me at the Wake of my brother, John Potter, on the evening of November 25, 1957. I in substance, told him now that John is gone, Charlie told me at John's Wake that he knew Boyle and McLaughlin, two of the Jurors for some time.

I had read in the newspapers that John's father, Michael Bowers, was making some kind of an appeal, and I thought that it would be the human thing to do to tell to John Bowers, the son of Michael Bowers, what my brother Charles Potter had told me at the Wake of John Potter.

I have been attached to the Police Department of the City of New York for about 24½ years. The last 10 years of my service in the Police Department I was a detective. I retired on my own free will and accord. I was then employed by Emerson Radio and Phonograph Company, Jersey City, New Jersey, in the Security Department, for about 6 years. I then had to undergo an operation and was compelled to leave there because of this operation. When I recovered from the operation, I took a job as a checker on the Piers.

Everything stated herein is the absolute truth.

(Signed) Joseph F. Potter.