**UNITED STATES of America**

v.

**ALLIED STEVEDORING CORPORATION, John Ward, John Potter and Michael Bowers, Defendants.**

United States District Court
S. D. New York.
Aug. 26, 1958.

See, also, 76 S.Ct. 1063.

---

Arthur H. Christy, U. S. Atty., for Southern Dist. of New York, New York City, for United States, George I. Gordon, Asst. U. S. Atty., New York City, of counsel.

Henry A. Lowenberg, New York City, for defendants John Ward and Michael Bowers.

PALMIERI, District Judge

On March 23, 1956 defendants were convicted,[1] after trial by jury, of a violation of Int.Rev.Code § 145(b) (1939), 26 U.S.C.A. § 145(b). This is the third motion,[2] made by the defendants,[3] for a new trial. While the basis for the motion is not set forth in the moving papers, I take it to be "newly discovered evidence," for this is the only basis upon which the motions would be timely. Fed. Rules Crim.Proc. rule 33, 18 U.S.C.A.

The newly discovered evidence set forth as the basis for this motion is that:

"* * * wiretap and intercepted telephone conversations concerning the business of the defendants were offered and received in evidence, and * * * the Government predicated its case upon the contents of wiretap and intercepted telephone conversations concerning the business of the defendants, all of which related to the telephones of the defendants * * *."

This allegation is not supported by any facts. Its sole foundation rests on the following portion of an affidavit submitted by defendants' attorney:

"* * * [U]pon a complete review of the evidence adduced at the trial, it appeared to me that the United States of America would have been unable to offer and have received in evidence, the evidence offered at the trial without the telephone of the defendants being tapped, and the conversations intercepted concerning the business of the Allied Stevedoring Corporation."

The conjectural and speculative nature of this purported "evidence," i. e., that the Government's case rested on facts discovered through a wiretap, is not saved by the fact that a representative of the New York Telephone Company appeared in court, on the return date of this motion, with an envelope, the contents of which he would not permit defendants' attorney to inspect without court order. For, even if it be assumed that the envelope contained wiretap orders, there is no ground, beyond counsel's bare assertion, for assuming that the contents of any wiretaps which may have taken place were known or used by the Government in the preparation of its case. And if such an assumption could be made, it is refuted by the affidavits which were submitted by the Government on this motion.[4] The assertion

1. The judgments of conviction were affirmed, 2 Cir., 241 F.2d 925, certiorari denied, 1957, 353 U.S. 984, 77 S.Ct. 1282, 1 L.Ed.2d 1143.

2. The earlier motions were denied by me on March 24, 1958 and April 15, 1958. See D.C.S.D.N.Y.1958, 162 F.Supp. 874, and D.C.S.D.N.Y.1958, 162 F.Supp. 879, affirmed as to both, 2 Cir., 258 F.2d 104, petition for certiorari filed.

3. The defendant Potter is now deceased.

4. Five affidavits were submitted by Assistant United States Attorneys who conducted various phases of the prosecution, and two by Agents of the Internal Revenue Service who conducted the investigation. These affiants state, to the best of their knowledge or recollection, that they did not use any wiretap information in

that unspecified, intercepted conversations were actually introduced at trial is similarly unwarranted. It is refuted by the Government's affidavits, and by my recollection of the trial proceedings— a recollection I have had repeated occasions to refresh because of the numerous post-trial motions made by these defendants.[4a] United States v. On Lee, 2 Cir., 201 F.2d 722, certiorari denied, 1953, 345 U.S. 936, 73 S.Ct. 798, 97 L.Ed. 1364.

Since defendants have not come forward with any newly discovered evidence, but only unwarranted surmise, there is no basis for granting them a new trial. Fullerton v. Government of Canal Zone, 5 Cir., 1925, 8 F.2d 968, 972.

Furthermore, even if the moving papers did set forth new evidence, the motion would have to be denied. "It is well settled that motions for new trials are not favored and should be granted only with great caution * * *. We think it fundamental that a defendant seeking a new trial under any theory must satisfy the district court that the material asserted to be newly discovered is in fact such and *could not with due diligence have been discovered before or*,

*at the latest, at the trial."* United States v. Costello, 2 Cir., 255 F.2d 876, 879, certiorari denied, 1958, 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551 (emphasis added and citations omitted). Defendants have not met this requirement. Indeed, the very basis on which defendants' attorney claims to have come to the conclusion that defendants' telephones were tapped, affirmatively shows that this alleged "new evidence" should have been discovered, at the latest, at the trial,[5] which ended more than two years ago.

Since the motion is denied, as being based on nothing but guesswork and as not meeting the "due diligence" requirement, the subpoena issued to the New York Telephone Company should be quashed. United States v. Flynn, D.C. S.D.N.Y.1951, 103 F.Supp. 925, 931, judgments of conviction affirmed, 2 Cir., 1954, 216 F.2d 354, certiorari denied, 1955, 348 U.S. 909, 75 S.Ct. 295, 99 L. Ed. 713.

Accordingly, the motion is in all respects denied and the subpoena is quashed.

So ordered.

connection with this case, and that none was used.

Defendants' attorney has submitted a reply affidavit, in which he points out that none of the affidavits submitted by the Government states that defendants' telephones were not tapped. Aside from the fact that the affiants obviously would not be in a position to swear to such a statement, whether defendants' telephones were tapped is not dispositive. The issue is whether any wiretap information was used in the preparation or prosecution of the case. It is hardly a ground for granting defendants the relief they seek, or holding a hearing on the motion, as defendants suggest, that the Government's affidavits are based on the affiants' recollection, and are limited to their personal knowledge. They could not be otherwise.

**4a.** See footnote 2, supra. See also, D.C. S.D.N.Y.1956, 143 F.Supp. 947. In addition to those reported motions, each of the individual defendants moved for reduction of his sentence. United States v. Allied Stevedoring Corp. et al., Crim. No. 142–99, D.C.S.D.N.Y., July 3, 1957 and July 10, 1957.

**5.** See the portion of the affidavit quoted on page 441 of 165 F.Supp., supra.